STATE OF RHODE ISLAND
PROVIDENCE, sc

SUPERIOR COURT

**MURIEL VAN DUSEN,**
**Plaintiff**

vs.

**SEARS ROBUCK AND CO.,**
**TECHCRAFT MANUFACTURING,**
**and SONY ELECTRONICS INC.**
**Defendants**

) ) ) ) ) **PC#** ) ) ) )

## COMPLAINT

### PARTIES

1. The Plaintiff, Muriel Van Dusen is a resident of the Town of Riverside, County of Providence, State of Rhode Island.

2. The Defendant, Sears Roebuck and Co. (hereinafter "Sears"), is a corporation duly organized under the laws of the State of Rhode Island.

3. The Defendant, TechCraft Manufacturing (hereinafter TechCraft), is a business located outside the United States in the City of Laval, Province of Quebec, Canada.

4. The Defendant, Sony Electronics Inc. (hereinafter "Sony"), is a corporation duly organized under the laws of the State of Rhode Island.

### FACTS

5. On or about May 26, 2003, the Plaintiff entered the Defendant, Sears' establishment for the purposes of buying a television.

6. On that date, the agents, servants and/or employees of the Defendant, Sears assisted the Plaintiff in the purchase of a 36-inch Sony Television.

7. The agents, servants and/or employees of the Defendant, Sears recommended the use of a television stand manufactured by the Defendant, Techcraft.

8. Based upon the recommendation of the agents, servants and/or employees of Sears, the Plaintiff's son purchased both the 36-inch screen Sony Television and the television stand manufactured by the Defendant, Techcraft.

9. On or about June 4, 2003, the 36-inch Sony Television and television stand manufactured by the Defendant, Techcraft were delivered to the Plaintiff's home by agents, servants and/or employees of the Defendant, Sears.

10. The agents, servants and/or employees of the Defendant, Sears assembled the television stand manufactured by the Defendant, Techcraft and placed the 36 inch Sony television set onto said stand.

11. On or about September 9, 2003, the Plaintiff was moving the 36-inch Sony television set on the stand manufactured by the Defendant, Techcraft when it fell over onto the Plaintiff.

12. As a result, the Plaintiff sustained severe personal injuries.

COUNT I
(Failure to Train)
Muriel Van Dusen v. Sears Roebuck and Co.

13. The Plaintiff incorporates and realleges the allegations of Paragraphs 1 through 11 as if fully stated herein.

14. Sears owed a duty to the Plaintiff, Muriel Van Dusen to train its agents, servants and/or employees to assist its consumers in purchasing and installing safe and compatible products from its establishment to prevent injury to consumers such as Muriel Van Dusen.

15. Sears breached that duty when it failed to properly train its agents, servants and/or employees to assist its consumers in purchasing and installing safe and compatible products from its establishment.

16. As a direct and proximate result of Sears' failure to properly train its agents, servants and/or employees to assist its consumers in purchasing and installing safe and compatible products from its establishment, Muriel Van Dusen sustained serious personal injuries.

**WHEREFORE,** the Plaintiff Muriel Van Dusen demands the following relief from this Honorable Court:

a. That this Court enter judgment in favor of the Plaintiff, Muriel Van Dusen and against Scar Roebuck and Co.; and
b. Award the Plaintiff, Muriel Van Dusen damages in the amount sufficient to compensate for her pain and suffering;

c. Award the Plaintiff Muriel Van Dusen fees, interest and costs related to this action;
d. Take any other action this Court deems just and equitable.

COUNT II
(Failure to Inspect)
Muriel Van Dusen v. Sears Roebuck and Co.

17. The Plaintiffs incorporate and reallege the allegations of Paragraphs 1 through 7 as if fully stated herein.

18. Sears owed a duty to the Plaintiff, Muriel Van Dusen to inspect its products for safety and compatibility before the sale of said products to prevent injury to individuals such as Muriel Van Dusen.

19. Sears breached that duty when its agents, servants and/or employees failed to properly inspect their products for safety and compatibility before the sale of said products.

20. As a direct and proximate result of Sears failure to inspect their products for safety and compatibility before the sale of said products, Muriel Van Dusen sustained severe personal injuries.

**WHEREFORE,** the Plaintiff Muriel Van Dusen demands the following relief from this Honorable Court:

a. That this Court enter judgment in favor of the Plaintiff, Muriel Van Dusen and against Sears Roebuck and Co.; and
b. Award the Plaintiff, Muriel Van Dusen damages in the amount sufficient to compensate for her pain and suffering;
c. Award the Plaintiff Muriel Van Dusen fees, interest and costs related to this action;
d. Take any other action this Court deems just and equitable.

COUNT III
(Failure to Supervise)
Muriel Van Dusen v. Sears Roebuck and Co.

21. The Plaintiff incorporates and realleges the allegations of Paragraphs 1 through 7 as if fully stated herein.

22. Sears owed a duty to Muriel Van Dusen to supervise its agents, servants and employees and ensure they assist its consumers in purchasing safe and compatible products from its establishment to prevent injury to consumers such as Muriel Van Dusen.

23. Sears breached that duty when it failed to properly supervise its agents, servants and/or employees and ensure they assist its consumers in purchasing safe and compatible products from its establishment.

24. As a direct and proximate result of Sears' failure to properly supervise its agents, servants and/or employees, Muriel Van Dusen sustained severe personal injuries.
**WHEREFORE,** the Plaintiff Muriel Van Dusen demands the following relief from this Honorable Court:

a. That this Court enter judgment in favor of the Plaintiff, Muriel Van Dusen and against Sears Roebuck and Co.; and
b. Award the Plaintiff, Muriel Van Dusen damages in the amount sufficient to compensate for her pain and suffering;
c. Award the Plaintiff Muriel Van Dusen fees, interest and costs related to this action;
d. Take any other action this Court deems just and equitable.

COUNT IV
(Failure to Warn)
Muriel Van Dusen v. Sears Roebuck and Co.

25. The Plaintiff incorporates and realleges the allegations of Paragraphs 1 through 7 as if fully stated herein.

26. Sears owed a duty to Muriel Van Dusen to warn consumers such as Muriel Van Dusen of using products that were known or should have been known to be incompatible and unsafe in order to prevent injury.

27. Sears breached that duty when it failed to properly warn consumers such as Muriel Van Dusen of using products that were known or should have been known to be incompatible and unsafe.

28. As a direct and proximate result of Sears' failure to warn consumers such as Muriel Van Dusen of using products that were known or should have been known to be incompatible and unsafe, Muriel Van Dusen sustained serious personal injuries.

**WHEREFORE,** the Plaintiff Muriel Van Dusen demands the following relief from this Honorable Court:

a. That this Court enter judgment in favor of the Plaintiff, Muriel Van Dusen and against Sears Roebuck and Co.; and
b. Award the Plaintiff, Muriel Van Dusen damages in the amount sufficient to compensate for her pain and suffering;
c. Award the Plaintiff Muriel Van Dusen fees, interest and costs related to this action;
d. Take any other action this Court deems just and equitable.

COUNT V
(Failure to Warn)
Muriel Van Dusen v. TechCraft Manufacturing

29. The Plaintiff incorporates and realleges the allegations of Paragraphs 1 through 7 as if fully stated herein.

30. TechCraft owed a duty to Muriel Van Dusen to warn consumers such as Muriel Van Dusen of using products that were known or should have been known to be incompatible and unsafe in order to prevent injury.

31. TechCraft breached that duty when it failed to properly warn consumers such as Muriel Van Dusen of using products that were known or should have been known to be incompatible and unsafe.

32. As a direct and proximate result of Techcraft's failure to warn consumers such as Muriel Van Dusen of using products that were known or should have been known to be incompatible and unsafe, Muriel Van Dusen sustained serious personal injuries.

**WHEREFORE,** the Plaintiff Muriel Van Dusen demands the following relief from this Honorable Court:

a. That this Court enter judgment in favor of the Plaintiff, Muriel Van Dusen and against TechCraft Manufacturing; and
b. Award the Plaintiff, Muriel Van Dusen damages in the amount sufficient to compensate for her pain and suffering;
c. Award the Plaintiff Muriel Van Dusen fees, interest and costs related to this action;
d. Take any other action this Court deems just and equitable.

COUNT VI
(Failure to Warn)
Muriel Van Dusen v. Sony Electronics Inc.

33. The Plaintiff incorporates and realleges the allegations of Paragraphs 1 through 7 as if fully stated herein.

34. Sony owed a duty to Muriel Van Dusen to warn consumers such as Muriel Van Dusen of using products that were known or should have been known to be incompatible and unsafe in order to prevent injury.

35. Sony breached that duty when it failed to properly warn consumers such as Muriel Van Dusen of using products that were known or should have been known to be incompatible and unsafe.

36. As a direct and proximate result of Sony's failure to warn consumers such as Muriel Van Dusen of using products that were known or should have been known to be incompatible and unsafe, Muriel Van Dusen sustained serious personal injuries.

**WHEREFORE,** the Plaintiff Muriel Van Dusen demands the following relief from this Honorable Court:

a. That this Court enter judgment in favor of the Plaintiff, Muriel Van Dusen and against Sony Electronics Inc.; and
b. Award the Plaintiff, Muriel Van Dusen damages in the amount sufficient to compensate for her pain and suffering;
c. Award the Plaintiff Muriel Van Dusen fees, interest and costs related to this action;
d. Take any other action this Court deems just and equitable.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

The Plaintiff
By her Attorney,

James P. Dussault, Esquire
Dussault & Zatir, P.C.
1015 Kempton Street
New Bedford, MA 02740
(508) 999-2000
Bar No.: 3411

Dated:

CORPORATION SERVICE COMPANY

NJP / ALL
Transmittal Number: 4421199
Date Processed: 04/04/2006

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP Scan - Sony Electronics<br>SOP - PowerBrief - Tallahassee<br>SOP - Scan<br>1201 Hays Street<br>Tallahassee, FL 32301-2607 |
| **Copy of transmittal only sent to:** | PowerBrief Support<br>Susan West<br>Ms. Susan Malmud |
| **Entity:** | Sony Electronics Inc.<br>Entity ID Number 2143672 |
| **Entity Served:** | Sony Electronics, Inc. |
| **Title of Action:** | Muriel Van Dusen vs. Sears Robuck and Co. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court:** | Providence County Superior Court, Rhode Island |
| **Case Number:** | 06-1247 |
| **Jurisdiction Served:** | Rhode Island |
| **Date Served on CSC:** | 04/03/2006 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | James P. Dussault<br>508-999-2000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No 06-1247

MURIEL VAN DUSEN
Plaintiff

SEARS ROEBUCK AND CO., TECHCRAFT MANUFACTURING AND SONY ELECTRONICS, INC.
Defendant

## *Summons*

AFS : CSC

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon JAMES P. DUSSAULT, ESQUIRE Plaintiff's attorney, whose address is DUSSAULT & ZATIR, P.C. 1015 Kempton Street, New Bedford, MA 02740 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: March 28, 2006

(Seal of the Superior Court)

TRUE COPY ATTEST

DEPUTY SHERIFF