**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MURIEL VAN DUSEN | ) | |
| - vs. - | ) | C. A. NO. 06- 182 ML |
| SEARS ROEBUCK AND CO., TECHCRAFT MANUFACTURING, AND SONY ELECTRONICS INC. | ) | |

**ANSWER OF DEFENDANT, SONY ELECTRONICS INC.,**
**TO PLAINTIFFS' VERIFIED COMPLAINT**

**Answer as to "Parties"**

1. Sony Electronics Inc., hereinafter referred to as "SEL", is presently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph one of the complaint and therefore presently denies the same.

2. SEL is presently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph two of the complaint and therefore presently denies the same.

3. The allegations contained in paragraph three of the complaint, not being directed to SEL, require no response by SEL.

4. SEL denies the allegations contained in paragraph four of the complaint.

**Answer as to "Facts"**

5.-12. SEL is presently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs five through twelve, inclusive, of the complaint and therefore presently denies the same.

**ANSWER TO COUNT I**

**(Failure to Train)**

13. SEL incorporates herein by reference all of its responses to all prior paragraphs of the plaintiff's complaint as if fully set forth herein.

14.-16. The allegations contained in paragraphs fourteen through sixteen, inclusive, of Count I of the plaintiff's complaint, not being directed to SEL, requires no response by SEL.

**ANSWER TO COUNT II**

**(Failure to Inspect)**

17. SEL incorporates herein by reference all of its responses to all prior paragraphs of the plaintiff's complaint as if fully set forth herein.

18.-20. The allegations contained in paragraphs eighteen through twenty, inclusive, of Count II of the plaintiff's complaint, not being directed to SEL, requires no response by SEL.

**ANSWER TO COUNT III**

**(Failure to Supervise)**

21. SEL incorporates herein by reference all of its responses to all prior paragraphs of the plaintiff's complaint as if fully set forth herein.

22.-24. The allegations contained in paragraphs twenty-two through twenty-four, inclusive, of Count III of the plaintiff's complaint, not being directed to SEL, requires no response by SEL.

**ANSWER TO COUNT IV**

**(Failure to Warn as to Sears Roebuck and Co.)**

25. SEL incorporates herein by reference all of its responses to all prior paragraphs of the plaintiff's complaint as if fully set forth herein.

26.-28. The allegations contained in paragaphs twenty-six through twenty-eight, inclusive, of Count IV of the plaintiff's complaint, not being directed to SEL, requires no response by SEL.

**ANSWER TO COUNT V**

**(Failure to Warn as to TechCraft Manufacturing)**

29. SEL incorporates herein by reference all of its responses to all prior paragraphs of the plaintiff's complaint as if fully set forth herein.

30.-32. The allegations contained in paragraphs thirty through thirty-two, inclusive, of Count V of the plaintiff's complaint, not being directed to SEL, requires no response by SEL.

**ANSWER TO COUNT VI**

**(Failure to Warn as to Sony Electronics Inc.)**

33. SEL incorporates herein by reference all of its responses to all prior paragraphs of the plaintiff's complaint as if fully set forth herein.

34. SEL denies the allegations contained in paragraph thirty-four of the complaint.

35. SEL denies the allegations contained in paragraph thirty-five of the complaint.

36. SEL denies the allegations contained in paragraph thirty-six of the complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state claims upon which relief can be granted in that plaintiff has failed to allege facts sufficient to show that the plaintiff is entitled to any relief against SEL in fact or in law.

**SECOND AFFIRMATIVE DEFENSE**

To the extent that the plaintiff or anyone acting on her behalf voluntarily assumed known risks, then plaintiff may have no recovery against SEL.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that the plaintiff or anyone acting on her behalf is comparatively at fault with any defendant, then plaintiff may not have recovery as prayed for but any recovery against SEL shall be reduced in direct proportion to comparative fault found against the plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that the product referred to in the plaintiff's complaint has not been preserved in its immediate post-accident condition, then plaintiff is guilty of spoliation and may have no recovery against SEL.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that the product has been altered or modified from its original condition, then the plaintiff, pursuant to Title 9 of the Rhode Island General Laws may have no recovery against SEL.

## SIXTH AFFIRMATIVE DEFENSE

The incident referred to in the plaintiff's complaint is a result of conduct of persons, firms, corporations or entities over whom SEL has no control and for whom SEL has no responsibility.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that the plaintiff has failed to commence her action within the applicable statute of limitations, the plaintiff may not maintain her action against SEL.

Defendant, SEL, hereby demands trial by jury.

Defendant, SEL, hereby appoints Gerald C. DeMaria as trial counsel.

Defendant, SEL, hereby reserves the right to file such other and further pleadings as the circumstances of the case require.

Defendant,
SONY ELECTRONICS INC.
By its attorneys,

Gerald C. DeMaria (#0637)
HIGGINS, CAVANAGH & COONEY, LLP
The Hay Building, 4th Floor
123 Dyer Street
Providence, RI 02903-3987
Telephone: (401) 272-3500
Facsimile: (401) 273-8780

**CERTIFICATION**

I hereby certify that a copy of the within Answer was mailed, postage prepaid, to James P. Dussault, Esq., DUSSAULT & ZATIR, P.C., 1015 Kempton Street, New Bedford, Massachusetts 02740, on the 20th day of April, 2006.

Janice C. Brady