DEC/pap 3831-20
2982620 6/27/06

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

MURIEL VAN DUSEN

VS. C. A. NO. PC 06-0182-ML-LDA

SEARS ROEBUCK AND CO.,
TECHCRAFT MANUFACTURING,
AND SONY ELECTRONICS, INC.

# ANSWER OF TECHCRAFT MANUFACTURING TO PLAINTIFF'S COMPLAINT

## PARTIES

1. This Defendant denies that Plaintiff is a resident of the Town of Riverside, but admits that she is a resident of Providence County, State of Rhode Island.

2. Neither admitted nor denied.

3. Neither admitted nor denied at this time.

4. Neither admitted nor denied.

## FACTS

5. Neither admitted nor denied.

6. Neither admitted nor denied.

7. Neither admitted nor denied.

8. Neither admitted nor denied.

9. Neither admitted nor denied.

10. Neither admitted nor denied.

11. Neither admitted nor denied.

12. Denied.

**COUNT I**
**(Failure to Train)**
**Muriel Van Dusen v. Sears Roebuck and Co.**

13. All previous responses are incorporated herein by reference.

14.-16. No answer is required by this Defendant to the allegations contained within paragraphs 14 through 16, inclusive, as these allegations are directed against a co-defendant. To the extent it is deemed that an answer is required by this Defendant to these allegations, then they are neither admitted nor denied at this time.

This Defendant denies that Plaintiff is entitled to any relief against it.

**COUNT II**
**(Failure to Inspect)**
**Muriel Van Dusen v. Sears Roebuck and Co.**

17. All previous responses are incorporated herein by reference.

18.-20. No answer is required by this Defendant to the allegations contained within paragraphs 18 through 20, inclusive, as these allegations are directed against a co-defendant. To the extent it is deemed that an answer is required by this Defendant to these allegations, then they are neither admitted nor denied at this time.

This Defendant denies that Plaintiff is entitled to any relief against it.

**COUNT III**
**(Failure to Supervise)**
**Muriel Van Dusen v. Sears Roebuck and Co.**

21. All previous responses are incorporated herein by reference.

22.-23. No answer is required by this Defendant to the allegations contained within paragraphs 22 through 23, inclusive, as these allegations are directed against a co-defendant. To the extent it is deemed that an answer is required by this Defendant to these allegations, then they are neither admitted nor denied at this time.

24. This Defendant denies that the Plaintiff is entitled to any relief against it.

**COUNT IV**
**(Failure to Warn)**
**Muriel Van Dusen v. Sears Roebuck and Co.**

25. All previous responses are incorporated herein by reference.

26.-28. No answer is required by this Defendant to the allegations contained within paragraphs 26 through 28, inclusive, as these allegations are directed against a co-defendant. To the extent it is deemed that an answer is required by this Defendant to these allegations, then they are neither admitted nor denied at this time.

This Defendant denies that Plaintiff is entitled to any relief against it.

**COUNT V**
**(Failure to Warn)**
**Muriel Van Dusen v. TechCraft Manufacturing**

29. All previous responses are incorporated herein by reference.

30. Denied.

31. Denied.

32. Denied.

This Defendant denies that Plaintiff is entitled to any relief against it.

**COUNT VI**
**(Failure to Warn)**
**Muriel Van Dusen v. Sony Electronics Inc.**

33. All previous responses are incorporated herein by reference.

34.-35. No answer is required by this Defendant to the allegations contained within paragraphs 34 through 35, inclusive, as these allegations are directed against a co-defendant. To the extent it is deemed that an answer is required by this Defendant to these allegations, then they are neither admitted nor denied at this time.

This Defendant denies that the Plaintiff is entitled to any relief against it.

This Defendant demands a jury trial with respect to all Counts in Plaintiff's Complaint and hereby designates Dennis E. Carley as trial counsel.

**AFFIRMATIVE DEFENSES**

1. This Defendant affirmatively pleads that Plaintiff assumed the risk.

2. This Defendant affirmatively pleads that the Plaintiff totally caused and/or contributed to the damages complained of in the Complaint.

3. This Defendant affirmatively denies that it was negligent and/or responsible for the Plaintiff's damages in any way.

4. This Defendant affirmatively pleads that the Plaintiff's damages were caused by the action of others for whose conduct this Defendant is not responsible.

5. This Defendant affirmatively pleads insufficiency of service of process, failure of service of process and, as a result, this Honorable Court does not have jurisdiction over this case.

6. TechCraft is not liable on the basis of the doctrines of laches, waiver or estoppel.

7. TechCraft hereby gives notice that it intends to rely on such further and other defenses as may become available or apparent during discovery proceedings in this case and hereby reserves its right to amend its answer to include any such defenses.

TECHCRAFT MANUFACTURING

By Its Attorneys,

Dennis E. Carley #3218
ROBERTS, CARROLL, FELDSTEIN
& PEIRCE INC.
Ten Weybosset Street, 8th Floor
Providence, RI 02903
401-521-7000 FAX 401-521-1328

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within document was mailed, postage prepaid, to the following on the 11th day of July, 2006:

James P. Dussault, Esq.
Dussault & Zatir, P.C.
1015 Kempton Street
New Bedford, MA 02740

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer St.
Providence, RI 02903

Gerald C. DeMaria, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer St.
Providence, RI 02903

Patricia A. Post