DEC/AD/sch 3831-20
7/26/06

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

MURIEL VAN DUSEN

VS. C. A. NO. 06-182-ML

SEARS ROEBUCK AND CO.,
TECHCRAFT MANUFACTURING,
AND SONY ELECTRONICS, INC.

# MOTION TO COMPEL PRODUCTION

The defendant, Techcraft Manufacturing, hereby moves, pursuant to Fed. R. Civ. P. 37, for an Order of this Honorable Court compelling the plaintiff, Muriel Van Dusen, to comply with a request for production dated July 27, 2006, a copy of which is attached hereto, within twenty (20) days of the date of hearing hereon.

More specifically the following documents remain outstanding:

**REQUEST NO. 1:**

Any and all of the plaintiff's medical records, bills and reports, of whatever nature and kind, including office notes and x-rays, from any and all physicians, hospital or other health care providers which relate in any way to the incident which is the subject of this litigation from the time of the incident up to the present and continuing.

**RESPONSE NO. 1:**

Please see Exhibit A attached hereto. Plaintiff reserves the right to supplement this response prior to Trial.

**COMMENT:**

The following documents remain outstanding:

1. The complete records of **Memorial Hospital of Rhode Island** as indicated in the Memorial Hospital of Rhode Island Emergency Room Record dated September 7, 2003, including but not limited to notes and/or writings, patient questionnaires,

consultations/correspondence to and from other physicians or other health care providers. More specifically, x-rays of the chest, right foot, right tibia/fibula, right knee, and right ankle.

2. The complete records of **Memorial Hospital of Rhode Island** as indicated in the Memorial Hospital of Rhode Island records dated October 20, 2003, including but not limited to notes and/or writings, patient questionnaires, consultations/correspondence to and from other physicians or other health care providers. More specifically, x-rays of the right leg and right ankle.

3. The complete records of **Surgical Specialists Inc.** as indicated in the billing records of Surgical Specialists, Inc., including but not limited to notes and/or writings, patient questionnaires, consultations/correspondence to and from other physicians or other health care providers. More specifically, the complete file for **Dr. Eugene Healey, Dr. Christine Emmick and Dr. Martin Phillips**.

4. The complete records of **Family Care** as indicated in the office notes of Dr. Richard E. Murphy dated September 22, 2003, including but not limited to notes and/or writings, patient questionnaires, consultations/correspondence to and from other physicians or other health care providers. Currently, we are not in possession of any medical records for Family Care.

5. The complete office file of **Dr. Emma Simmons** as indicated in an admission form for Memorial Hospital of Rhode Island dated October 15, 2003, including but not limited to notes and/or writings, patient questionnaires, consultations/correspondence to and from other physicians or other health care providers. Currently, we are not in possession of any medical records for Dr. Emma Simmons.

6. The complete office file of **Dr. Thomas Noonan** as indicated in discharge summaries of Memorial Hospital of Rhode Island dated October 30, 2003, including but not limited to notes and/or writings, patient questionnaires, consultations/correspondence to and from other physicians or other health care providers. Currently, we are not in possession of any medical records for Dr. Thomas Noonan.

7. The complete records of **Home Care Services** as indicated in discharge summary of Memorial Hospital of Rhode Island dated October 30, 2003, including but not limited to notes and/or writings, patient questionnaires, consultations/correspondence to and from other physicians or other health care providers. Currently, we are not in possession of any records for Home Care Services.

8. Any and all medical records pertaining to the plaintiff that have not already been produced, including but not limited to, any reports or findings of exams, treatments or evaluations by plaintiff's experts.

**REQUEST NO. 2:**

**Any and all of the plaintiff's medical records, bills and reports, of whatever nature and kind, including office notes and x-rays, from any and all physicians, hospitals or other health care providers for a period of five (5) years before the time of the occurrence alleged in the complaint up to the present and continuing.**

**RESPONSE NO. 2:**

Please see Exhibit A attached hereto. Plaintiff reserves the right to supplement this response prior to Trial.

**COMMENT:**

The following documents remain outstanding:

1. The complete office file of **Dr. Emma Simmons** as indicated in an admission form for Memorial Hospital of Rhode Island dated October 15, 2003, including but not limited to notes and/or writings, patient questionnaires, consultations/correspondence to and from other physicians or other health care providers. Currently, we are not in possession of any medical records for Dr. Emma Simmons.

2. The complete office file of **Dr. Thomas Noonan** as indicated in discharge summaries of Memorial Hospital of Rhode Island dated October 30, 2003, including but not limited to notes and/or writings, patient questionnaires, consultations/correspondence to and from other physicians or other health care providers. Currently, we are not in possession of any medical records for Dr. Thomas Noonan.

3. The complete records of **Home Care Services** as indicated in discharge summary of Memorial Hospital of Rhode Island dated October 30, 2003, including but not limited to notes and/or writings, patient questionnaires, consultations/correspondence to and from other physicians or other health care providers. Currently, we are not in possession of any records for Home Care Services.

4. The complete records of **Family Care** as indicated in the office notes of Dr. Richard E. Murphy dated September 22, 2003, including but not limited to notes and/or writings, patient questionnaires, consultations/correspondence to and from other physicians or other health care providers. Currently, we are not in possession of any medical records for Family Care.

5. Any and all medical records pertaining to the plaintiff which have not already been produced including, but not limited to, any reports or findings of exams, treatments or evaluations.

Plaintiff failed to provide any and all medical records, bills, reports, of whatever nature and kind including office notes, x-rays from any and all physicians, hospitals or other healthcare providers for a five year period before the time of the occurrence. Defendant requests a Court Order directing plaintiff to file a full and complete response to this request.

**REQUEST NO. 9:**

Each and every diary, chronology, log or the like prepared by or on behalf of the plaintiff, describing the circumstances leading up to, including and following the alleged incident referred to in the complaint.

**RESPONSE NO. 9:**

None currently in the Plaintiff's possession, custody or control. Should these documents become available they will be provided prior to Trial.

**COMMENT:**

Plaintiff failed to identify the existence of any diary, chronology, log or the like. If the answer is none, she should so state. Otherwise, she should file a full and complete response to this interrogatory. Defendant requests a Court Order directing plaintiff to file a full and complete response to this interrogatory.

**REQUEST NO. 10:**

All statements taken from agents or employees of any co-defendant relating to the subject matter of your complaint.

**RESPONSE NO. 10:**

None currently in the Plaintiff's possession, custody or control. Should these documents become available they will be provided prior to Trial.

**COMMENT:**

Plaintiff failed to identify the existence of any statements taken from agents or employers of any co-defendant relating to the subject matter of the complaint. If the answer is none, she should so state. Otherwise, she should file a full and complete response to this interrogatory. Defendant requests a Court Order directing plaintiff to file a full and complete response to this interrogatory.

**CERTIFICATE OF ATTORNEY**

I, Dennis E. Carley, Reg. No. 3218, counsel for defendant, Techcraft Manufacturing, certify that before filing the within motion, I have made a good faith effort by conferring, or attempting to confer, with James P. Dussault, Esq., counsel for plaintiff, to resolve the pending

discovery issues raised by the motion to compel production of documents. A letter was sent to the plaintiff's attorney on August 21, 2006.

DEFENDANT,
TECHCRAFT MANUFACTURING.
By Its Attorneys,

/s/ Dennis E. Carley

DENNIS E. CARLEY (#3218)
ROBERTS, CARROLL, FELDSTEIN & PEIRCE
10 Weybosset Street, 8th Floor
Providence, RI 02903-2808
(401) 521-7000 (FAX) (401) 521-1328
e-mail address: decarley@rcfp.com

CERTIFICATION

I hereby certify that I e-mailed a copy of the within this 13th day of September, 2006, to the following:

James P. Dussault, Esq.
Dussault & Zatir, P.C.
1015 Kempton Street
New Bedford, MA 02740
jdussault@dussaultandzatir.com

Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer St.
Providence, RI 02903
slang@hcc-law.com

Gerald C. DeMaria, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer St.
Providence, RI 02903
gdemaria@hcc-law.com

/s/ Dennis E. Carley

DEC/pap 3831-20
297388 6/27/06

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

MURIEL VAN DUSEN

VS.

C. A. NO. PC 06-1247

SEARS ROEBUCK AND CO.,
TECHCRAFT MANUFACTURING,
AND SONY ELECTRONICS, INC.

**DEFENDANT, TECHCRAFT MANUFACTURING'S,
FIRST REQUEST FOR PRODUCTION
DIRECTED TO PLAINTIFF, MURIEL VAN DUSEN**

Directed To: MURIEL VAN DUSEN
Pertaining To: **MURIEL VAN DUSEN**
On Behalf Of: Techcraft Manufacturing

Pursuant to R.C.P. 34, it is requested that you produce for inspection and/or copying at this office the following items within forty (40) days:

1. Any and all of the plaintiff's medical records, bills and reports, of whatever nature and kind, including office notes and x-rays, from any and all physicians, hospital or other health care providers which relate in any way to the incident which is the subject of this litigation from the time of the incident up to the present and continuing.

2. Any and all of the plaintiff's medical records, bills and reports, of whatever nature and kind, including office notes and x-rays, from any and all physicians, hospitals or other health care providers for a period of five (5) years before the time of the occurrence alleged in the complaint up to the present and continuing.

3. Any photographs, movies or videos in your possession, custody or control depicting the television referred to in the complaint, the television stand referred to in the complaint or damages or injuries caused by the incident.

4. Any photographs, movies or videos in your possession, custody or control depicting the scene of the incident.

5. W-2 forms furnished by any employer for a period of five (5) years prior to the alleged incident and through the present date.

6. The federal tax forms furnished by any employer or the forms relating to self-employment income for the year in which a claim for an incapacitating injury is made and for the three (3) preceding years and for each subsequent year during which any incapacity is claimed.

7. All employment records relating in any way to the plaintiff for a period of five (5) years before and up to the time of the occurrence alleged in the complaint and for a period of time commencing on the date of the occurrence alleged in the complaint up to and including the present date, and continuing income records and records of the dates lost from work for any reason whatsoever.

8. All statements taken from this defendant or from agents or employees of this defendant regarding this incident which is the subject of this litigation.

9. Each and every diary, chronology, log or the like prepared by or on behalf of the plaintiff, describing the circumstances leading up to, including and following the alleged incident referred to in the complaint.

10. All statements taken from agents or employees of any co-defendant relating to the subject matter of your complaint.

11. Any police report or police reports concerning the subject matter of your complaint.

12. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

13. Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

14. Any and all expert reports which have been obtained from any expert.

15. A current copy of the Curriculum Vitae of any expert who may be called to testify at trial.

DEFENDANT, TECHCRAFT
MANUFACTURING.
By Its Attorneys,

DENNIS E. CARLEY (#3218)
ROBERTS, CARROLL, FELDSTEIN & PEIRCE
10 Weybosset Street, 8th Floor
Providence, RI 02903-2808
(401) 521-7000 (FAX) (401) 521-1328

CERTIFICATION

I hereby certify that I mailed a copy of the within this 27 day of June, 2006, to the following:

James P. Dussault, Esq.
Dussault & Zatir, P.C.
1015 Kempton Street
New Bedford, MA 02740