UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MURIEL VAN DUSEN<br>Plaintiff,<br><br>VS.<br><br>SEARS ROEBUCK AND CO.,<br>TECHCRAFT MANUFACTURING,<br>AND SONY ELECTRONICS, INC.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO. 06-182 ML |

**DEFENDANT, SEARS ROEBUCK AND CO.'S PRETRIAL MEMORANDUM**

Defendant Sears Roebuck and Co. (hereinafter "Sears") hereby submits its pretrial memorandum of law pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**1(b) Sears Roebuck and Co.'s Defenses to be Proven At Trial**

Through the testimony of witnesses as well cross-examination of witnesses presented by others, Sears expects to prove the following:

- Sears had no reason to know about the product's alleged dangerous propensities and therefore did not have a duty to warn the plaintiff.
- Sears had no reason to know about the product's alleged dangerous propensities and therefore did not have a duty to inspect the products.
- Sears did not deviate from the standard of care in the industry with respect to any alleged duty to warn and/or inspect.
- The plaintiff's injuries were not the proximate cause of any alleged breach of any Sears' alleged duty to warn and/or inspect.
- No Sears employee acted below the minimum standard of care.

At the request of the court the list of witnesses has been hand delivered and filed separately.

**2. Memorandum of Law**

The facts of this case begin on May 26, 2003 when the plaintiff's son-in-law, Roland Desrochers, purchased a Sony television and a Techcraft television stand at Sears. The 36" television weighs 230 pounds. The stand was designed to hold a 36" television and a maximum of 240 pounds. Mr. Desrochers brought the stand to Ms. Van Dusen's home that day and likely assembled it as well. The television was then delivered to Ms. Van Dusen's home on June 4, 2003. On September 9, 2003 the television allegedly fell from the stand after Ms. Van Dusen attempted to swivel the stand. When the television fell from the stand, Ms. Van Dusen's injured her right leg.

Plaintiff has alleged four separate counts of negligence against Sears, 1) failure to warn (Count IV), 2) failure to inspect (Count II), 3) failure to train (Count I) and, 4) failure to supervise (Count III). "The elements of a negligence action are well established in Rhode Island. To succeed on such a claim, a plaintiff must show that a) the defendant owed [the plaintiff] a legal duty to refrain from negligent behavior, b) [the defendant] breached that duty, c) the breach proximately caused the accident and the [plaintiff's] injury; and d) there was actual loss or damage resulting. Crawford v. Cooper/T. Smith Stevedoring Co., Inc., 14 F.Supp. 2d 202, 209 (D.R.I. 1998)(citing Splendorio v. Bilray Demolition Co., Inc., 682 A.2d 461, 466 9R.I. 1996).

**A. Failure to Warn/Failure to Inspect**

In Counts IV and II the plaintiff has alleged that Sears breached its duty to warn and inspect respectively. "The predicate for [a] failure to warn claim is the general duty

to inform users and purchasers of potentially dangerous items of the risks involved in their use." Crawford, 14 F.Supp. 2d at 210. "The defendant only has a duty to warn if he had reason to know about the product's dangerous propensities which caused the plaintiff's injuries." Thomas v. Amway Corp., 488 A.2d 716, 722 (R.I. 1985).

"Incident to [the] duty to warn is the duty to acquire knowledge about the products through reasonably adequate inspections and tests." Scittarelli v. The Prov. Gas Co., 415 A.2d 1040, 1043 (R.I. 1980). "One selling a chattel manufactured by another has an obligation to exercise reasonable care to inform the purchaser of the existence of a defect that would render the chattel dangerous in its intended use when the seller knows or has reason to know that the chattel is, or is likely to be, dangerous when used." Ritter v. The Narragansett Electric Co., 283 A.2d 255, 258 (R.I. 1971). Thus, if a defendant knew or had reason to know that a product was dangerous or likely to be dangerous it has a duty to inspect and test. Id.

"The phrase 'reason to know' means that the defendant…had information from which a person of reasonable intelligence …would infer that the chattel would be dangerous to a user." Id. at 259. Plaintiff cannot establish that Sears had any reason to know of any alleged dangerous propensities of the television and stand. It is undisputed that the television was within the size parameters allowed by the stand. In addition, neither the television manufacturer nor the stand manufacturer included any warning to Sears or the customer regarding securing the television.

"In order to prove negligent inspection and testing [and warning] the plaintiff must establish a standard of care with respect to inspection and testing [and warning] and the defendant's deviation from that standard." Scittarelli, 415 A.2d at 1043. In

Scittarelli, the plaintiff did not submit any evidence of customary practices in the industry, past practices of the defendant, any evidence of an actual standard of care by which the defendant should have abided, nor any expert testimony regarding the industry wide standard of care. Id. Although the Court recognized that the defendant owed a duty to "exercise reasonable care in light of the apparent risks involved" the Court still found the record "devoid of evidence showing that the general standard was breached." Id. at 1044. The fact of the occurrence alone is inadequate proof of improper inspection and testing." Id.

The plaintiff in Scittarelli argued that she established a breach of the duty by submitting evidence that an employee of the defendant, when notified of the incident, stated that "those things happen once in a while." Id. However, the plaintiff was unable to establish the employee's identity, authority, and knowledge of the accident or the workings of the product at issue. Id. The Court, therefore held that the statement in and of itself did not amount to an admission of negligence. Id. Although, the plaintiff was not required to eliminate all possible causes of the accident, save the defendant's negligence "she was required to introduce evidence from which defendant's negligence could reasonably have been inferred." Id. The Court found the plaintiff failed, stating the defendant's negligence remained "a matter of speculation and conjecture," and therefore upheld the directed verdict in favor of the defendant. Id.

Here, the only evidence plaintiff has submitted, in support of her claim is that unidentified Sears employee indicated the stand was "slippery."[1] It is undisputed that the television and the stand were compatible according the size and weight standards of the stand. Like the plaintiff in Scittarelli, the plaintiff here has not submitted the required

[1] Plaintiff has not brought a design defect claim against any of the defendants in this matter.

evidence from which Sears' negligence could be inferred and thus it remains a matter of speculation and conjecture.

Even if Sears is found to have a duty to warn and/or inspect, plaintiff cannot carry her burden on the proximate cause element of negligence. "The mere happening of an accident does not ordinarily justify the inference that defendant was negligent and that his negligence caused the injury to the plaintiff." Salk v. Alpine Ski Shop, Inc., 342 A.2d 622, 625 (R.I. 1975). The burden is on the plaintiff to establish more than the fact that the use of the product caused her injury, but that the defendant's alleged failure to warn and/or inspect caused her injury. See Olshansky v. Rehrig Int'l., 872 A.2d 282, 290 (R.I. 2005); Thomas, 488 A.2d at 722. "Expert testimony is required to establish any matter that is not obvious to a lay person and thus lies beyond the common knowledge." Olshansky, 872 A.2d at 289.

The plaintiff in Olshansky was injured when a shopping cart he was pushing came apart. 872 A.2d 282. The plaintiff did not produce any evidence that supported the argument that the manufacturer's negligence caused the injury; the plaintiff did not depose any employee of the manufacturer or the store at which the cart was located and the plaintiff failed to obtain any documents relating to the cart. Id. at 290. The Court noted that there were "endless possibilities about what caused" the cart to come apart and therefore upheld summary judgment in favor of the defendant. Id.

Here, the plaintiff cannot establish any more than the fact that she was injured when the television fell. There are endless possibilities as to what caused the television to fall; the stand may have been improperly assembled, the plaintiff may have errantly swiveled the stand or the television may have been moved off the center of the stand.

Similar to the plaintiff in Olshansky here, the plaintiff, without more testimony, including an expert,[2] cannot prove that the defendant's alleged failure to warn and/or inspect caused the injury.

**B. Failure to Train/Failure to Supervise**

Plaintiff, in Counts I and III respectively, has also alleged that Sears breached its duty to train and supervise its employees. Rhode Island recognizes "the direct liability of an employer to third parties who are injured by acts of unfit, incompetent, or unsuitable employees." Soares v. Ann & Hope of Rhode Island, Inc., 637 A.2d 339, 346 (R.I. 1994). The Rhode Island Supreme Court has adopted the Restatement 2d Torts § 552 which states that "a person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless…in the employment of improper persons or instrumentalities in work involving risk of harm to others." Welsh Manu. v. Pinketon's, Inc., 474 A.2d 436, 440 (R.I. 1984). "An employer is not liable under this section simply because its employees are incompetent or careless." Focus Investment Assoc., Inc. v. American Title Ins. Co., 797 F.Supp. 109, 115 (D.R.I. 1992). "Liability turns on whether the employer has taken reasonable care" in training and supervising employees. Id. This Court has stated that "an employer has a duty to protect those who may be reasonably expected to come into contact with his employees from harms inflicted by the employer's workers." Frailoi v. Lemcke, 328 F. Supp. 2d 250, 264 (D. R.I. 2004). "The extent of an employer's duty to supervise is defined by the nature of the job to which the employee is assigned." Frailoi, 328 F. Supp. 2d at 264.

[2] Plaintiff's expert disclosures were due November 1, 2006, none were filed.

To prove that an employer acted negligently the plaintiff must present evidence that the employer acted below a minimum standard of care. See Tokio Marine & Fire Ins. Co. v. The Grove Mfg. Co., 958 F.2d 1169, 1172 (1st Cir. 1992). In Tokio Marine the plaintiff alleged an employee of the defendant made unexplained hand signals to a crane operator and shortly thereafter the crane tipped causing damage the item it was carrying. Id. The plaintiff did not produce any expert testimony regarding how the employees should have acted. Id. The Court found that no reasonable jury could conclude that the employees exercised less than the reasonable standard of care from the unexplained fact that an employee made hand signals and that an accident subsequently occurred. Id.

In Soares the plaintiff did not produce any evidence regarding the hiring, firing or supervision policies of the defendant in general or with respect to the subject employee in particular. 637 A.2d at 346. Consequently, the Court found that no issue of fact existed with regard to the negligent supervision claim and affirmed the directed verdict in the defendant's favor. Id.

The plaintiff in this matter cannot produce any evidence regarding the training and/or the supervision of the Sears employees in general or the specific employee with which the plaintiff interacted. Therefore, plaintiff will be unable to sustain her burden with respect to the failure to train and failure to supervise allegations.

**3. List of Exhibits**

At the request of the court Sears' list of exhibits has been hand delivered and filed separately.

**4. Proposed Jury Instructions**

Sears' proposed jury instructions have been attached separately to this document.

**5. Probable Length of Trial**

Sears expects the length of this jury trial to be 3 days.

**6. Additional Matters**

The Defendant will move to dismiss this matter if plaintiff does not produce any expert witnesses on the issue of the duty of Sears with respect to training and supervising its employees and the duty of Sears to inspect and/or warn the plaintiff of a dangerous condition.

At this time the Plaintiff has not filed any expert disclosures or otherwise identified any experts to be used at trial.

Plaintiff has also alleged in answers to interrogatories that the stand was "slippery" and the television was "top heavy" and defendants should have provided a material on top of the stand to "grip the television." Such an allegation constitutes a design defect claim which is not contained in the complaint; plaintiff therefore should not be allowed to make such allegations. In addition, such an allegation requires the testimony of an expert and safe alternative design theories, as well as testimony regarding the causal link between the design defect and the injury, none of which have been provided by the plaintiff. See Buonanno v. Colmar Belting Co., 733 A.2d 712, 717 (R.I. 1999).

SEARS ROEBUCK AND CO.
By its Attorneys,
HIGGINS CAVANAGH & COONEY, LLP

/s/ Stephen B. Lang, Esq.
Stephen B. Lang (#0145)
123 Dyer Street
Providence, RI 02903
Tel: 401-272-3500
Fax: 401-273-8780
slang@hcc-law.com

**CERTIFICATION**

I Stephen B. Lang, certify that on the 12th day of February, 2007, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island.

Plaintiff's Counsel
James. P. Dussault, Esq.
Dussault & Zatir, PC
1015 Kampton Street
New Bedford, MA 02740

Counsel for Sony
Gerald C. DeMaria, Esq.
Higgins Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Attorney for Techcraft
Dennis E. Carley, Esq.
Roberts, Carroll, Feldstein & Peirce Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903

/s/ Stephen B. Lang, Esq.