**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

MURIEL VAN DUSEN
*Plaintiff*

vs. C.A. No.: 06-182 ML

SEARS ROEBUCK AND CO.,
TECHCRAFT MANUFACTURING and
SONY ELECTRONICS, INC.
*Defendants*

# DEFENDANT SEARS ROEBUCK AND CO.'S PROPOSED JURY INSTRUCTIONS

The Defendant Sears Roebuck and Co. (hereinafter "Sears") hereby submits its proposed jury instructions pursuant to Rule 16 of the Federal Rules of Civil Procedure.

## SEARS 1. WHAT CONSTITUTES EVIDENCE.

Your duty is to decide this case based upon the evidence presented. The evidence in this case will consist of three things. They are the sworn testimony of the witnesses, the exhibits received in evidence, and all facts that I might instruct you have been admitted or accepted as true by the parties.

Anything you might see or hear outside the courtroom or when the court is not in session is not evidence and must be ignored by you even if what you see or hear is something done or said by one of the parties, their attorneys or even a witness in the case. Only the evidence that has been presented here in the courtroom is to be considered by you in deciding the facts of this case.

You should also ignore any testimony or evidence that I might indicate is stricken from the case. I know it can be difficult for any person to forget about something that he or she has already heard or learned. Nonetheless, you must ignore and disregard any evidence that I strike or instruct you to disregard. That testimony or evidence is no longer part of the body of the evidence which you consider in this case. Whether you hear me grant an attorney's request that the evidence in question be stricken or whether I specifically direct you to disregard that evidence, the effect is the same.

**SEARS 2. STATEMENTS OF COUNSEL**

Statements and arguments made by the attorneys are not evidence. During the course of the trial the attorneys make opening statements as well as final arguments. The opening statement is the attorney's opportunity to give you an overview of what it is that the attorney hopes to prove during trial. It is done to help you follow the evidence. The final or closing argument is the attorney's opportunity to argue the facts of the case. During the closing arguments they will try to persuade you to find for their respective clients. You should not consider either the opening statement nor the final arguments as evidence. Likewise you must not consider as evidence anything the attorneys may say when they object to the introduction of certain testimony or documents into the case. While you may take into account the statements, remarks and comments of counsel in helping you to follow the evidence, you must decide the facts of the case based solely on the evidence.

## SEARS 3. SIGNIFICANCE OF OBJECTIONS

During the course of the trial the attorneys will most likely be making objections to the admissibility of evidence. In other words, the attorneys will be questioning whether the law permits the jury to base its consideration of the case on the evidence that is being offered to it. When I rule on these objections, I am ruling on whether or not the law permits that evidence or information to be considered by the jury in deciding the facts of the case.

When an objection is made and I overrule that objection by saying "Overruled" or "Allowed" or "I will allow it," I have determined that the law permits the jury to consider this evidence and that I must admit it into the case. The witness is allowed to answer the question or the exhibit is marked as a full exhibit and admitted into evidence.

When an objection is made and I sustain the objection by saying "Sustained" or I instruct a witness not to answer, I have determined that the law does not permit the jury to consider this evidence and that I must not admit it into the case for the jury's consideration. When I sustain an objection, it is important that you not draw any inference from the unanswered question and that you not speculate on what the answer might have been. And, where I sustain an objection but the witness has already answered, you must ignore and disregard that answer because it is treated as having been stricken from the record. You may not consider the answer in deciding the case.

Finally, with respect to the making of objections, you should not permit the objections of counsel, whether to the admissibility of evidence or even to a ruling of the Court, to create any bias or prejudice in your minds with respect to an attorney or the party he or she represents. It is an attorney's duty to protect the rights and interests of his or her client, and in the performance of that duty he or she may make objections to the admission of evidence and any rulings of the Court he or she believes are appropriately taken. Neither the attorney nor his or her client should suffer any adverse consequences from fulfilling that duty.

## SEARS 4. DIRECT AND CIRCUMSTANTIAL EVIDENCE

Since your role is to decide the facts of the case you should be aware that facts may be proved by two types of evidence. One type is direct evidence and the other is indirect evidence. When we speak of indirect evidence we are speaking of what is often called circumstantial evidence or circumstantial proof.

Direct evidence is testimony by a witness about what the witness personally saw or heard or did. Circumstantial proof, that is, indirect proof, means proof of certain facts from which one can find or determine another fact.

You may consider both direct and circumstantial evidence in deciding this case. If you believe that certain or particular circumstances or facts have been proved at trial then you may accept as true any fact which you believe is logically and reasonably deduced from those facts or circumstances. The law permits the jury to give as much weight and consideration to facts proved through circumstantial evidence as those proved by direct evidence. Where direct evidence in support of the truth of a particular fact is at odds with the circumstantial evidence, you are free to give as much weight or as little to the circumstantial proof if you believe that the evidence and your assessment of the credibility of the witnesses warrant it. Evidence need not be discounted simply because it is circumstantial or indirect.

SUPPORTIVE AUTHORITY

See, Oury v. Greany, 107 R.I. 427, 267 A.2d 700 (R.I. 1970); Waldman v. Shipyard Marina Inc., 102 R.I. 306, 230 A.2d 841 (1967).

## SEARS 5. CREDIBILITY OF WITNESSES

Let me speak for a moment about the witnesses' testimony and how you should go about evaluating the credibility or truthfulness of that testimony.

You should understand that jurors are not required to accept what witnesses say even though the witnesses' testimony may be under oath. It is up to the jury to determine whether it will accept any or all of a witness' testimony. You, as jurors, are the judges of the witnesses' credibility and the weight you will give to the testimony of each. You are not required to believe something to be a fact simply because a witness has stated it to be a fact, if, in the light of all the evidence, you believe such witness is mistaken or has testified falsely to the alleged fact.

There is no magical formula by which one may evaluate a witness' testimony. You are entitled to rely upon all the experience and background that you bring with you to this courtroom. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others. The same tests that you use in your everyday dealings are the tests that you should apply here. Let me offer some of them for your consideration.

You may consider the appearance of the witnesses as they testify. By that I mean the witnesses' overall demeanor, their manner of testifying, their apparent candor and fairness and their apparent intelligence or lack of intelligence. You may consider a witness' age and apparent maturity, his or her experience and the opportunity that he or she had to observe or to know about the events that he or she testified to.

You may consider a witness' interest or lack of interest in the outcome of this case or any reason or motive that the witness might have to testify one way or the other. You may consider any bias or prejudice that the witness might appear to hold and that would affect the outcome of his or her testimony.

You may also consider the probability or improbability of the witness' testimony when viewed in light of all the other facts in the case and which you have accepted as true. And, if you believe that any statement of any witness proposes something that is inherently improbable when the statement is considered in the light of all the evidence, you may disregard such statement even in the absence of any evidence contradictory of the same.

You may also consider the extent to which the witness' testimony is contradicted by the testimony of other witnesses or other evidence.

Keep in mind that where the testimony of one witness on a specific item of evidence is contradicted directly by the testimony of another witness and there is no other witness testifying on such item, you are not required to therefore consider the evidence evenly balanced or the item not proved. In such a situation, you may determine which of the two witnesses you believe on the basis of all the surrounding facts and circumstances proved at trial, and, you may believe one witness rather than the other if you believe the facts and circumstances warrant it. Similarly, you may reject the testimony of a witness even though his or her testimony stands uncontradicted if

you believe the evidence in the case and your assessment of the credibility of the witness warrants that.

By using these tests and by considering all the other facts and circumstances proved at trial, you will determine which of the witnesses are more worthy of belief and how much weight, if any, you will give to each witness' testimony.

## SEARS 6. IMPEACHMENT OF WITNESS

A witness may be impeached, that is, his or her credibility may be brought into question by showing that on some prior occasion he or she made a statement about a material issue that contradicts the testimony he or she gives at trial. If you find, from all the evidence, that a witness did at some prior time make a statement that contradicts his or her trial testimony, then you may consider that contradiction when determining the credibility of the witness, or the weight that you will give to his or her testimony. You should also consider, though, any explanation the witness gives for the contradiction, whether the contradiction was a significant one and in what context the witness gave the earlier statement.

In this matter several of the witnesses were deposed prior to trial. When a person testifies at a deposition, they are testifying under oath and have sworn to tell the truth.

SUPPORTIVE AUTHORITY

See, Foster v. Dalton, 71 F.3d 52 (1st Cir. 1995); Gadoury v. United States, 187 B.R. 816 (D.R.I. 1995); Vargas Manufacturing Co. v. Friedman, 661 A.2d 48 (R.I. 1995); Kyle v. Pawtucket Redevelopment Agency, 106 R.I. 670, 262 A.2d 656 (1970); Madeira v. Pawtucket Housing Authority, 105 R.I. 511, 253 A.2d 237 (1969).

## SEARS 7. DUTY OF THE COURT/JURORS

Now that you have heard the evidence and the arguments, it is my duty to instruct you on the law applicable to this case. My job is to know the law and to explain it to you. Your duty is to decide the facts of the case based on the evidence, and then apply the law to those facts.

## SEARS 8. JUROR'S DUTY TO APPLY THE LAW

As jurors, it is your duty to follow the law as I instruct you, and to apply the rules of law to the facts as you find them from the evidence. You are not to be concerned with the wisdom of any rule of law, regardless of any opinion you may have as to what the law ought to be. It is a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case. Justice through trial by jury depends upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors, and to arrive at a verdict by applying the same rules of law given to you in the instructions of the court. Your job is to accept the law as I explain it to you regardless of what you think the law is or ought to be.

### SEARS 9. CONSIDER INSTRUCTIONS AS A WHOLE

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. And, unless I otherwise instruct, you should consider each instruction to apply to both plaintiff and defendant.

**SEARS 10. BIAS OR PREJUDICE OR SYMPATHY**

You have been sworn as jurors in this case to try the issues of fact presented by the allegations stated in plaintiff's complaint and defendant's answer. You are to perform this duty without bias toward or prejudice to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict, regardless of the consequences. The race, gender, color, social standing or wealth of the parties, the witnesses or the attorneys should not influence you.

**SEARS 11. JUDGE'S OPINION**

Nothing I say in these instructions is to be taken as a suggestion that I have an opinion about the facts. It is your view of the facts that should determine your verdict. If, during the course of this trial, or in giving you these instructions, I have said or done anything that has caused you to believe that I was indicating an opinion about the evidence or the facts of the case, I instruct you that I intended to indicate no such opinion. You should not permit my conduct to have any influence whatsoever on your determination of what the facts are. It is the function of the jury exclusively to resolve questions of fact, and it is your duty to guard zealously against any usurpation of that function, however unintentional it may have been.

**SEARS 12. SPECULATION AND CONJECTURE**

It will often happen in a case that the evidence does not answer all of the questions that the jury might have about it. Sometimes the evidence will invite the jury to speculate about things that are not in the evidence. For example, sometimes witnesses are not asked all of the questions that the jury might wonder about or sometimes the judge's rulings prevent the witness from answering a question that the jury would like answered. It is very important that you not speculate about the evidence or even what you might perceive to be a lack of evidence. In deciding the facts of this case you may rely only upon the evidence and not your own conjecture about, say, what a witness might have said or what a particular document might have shown.

## SEARS 13. CAUTIONARY ON NUMBER OF WITNESSES, VOLUME OF EVIDENCE

I must caution you that you should not make your decision about any disputed point based purely upon the number of witnesses that testified one way or the other about that issue or the volume of the evidence offered on it. Your determinations concerning which facts you will accept as true should not be contingent upon the number of witnesses that testified for or against those facts or the amount of evidence offered by one side or the other. In other words, the test is not one of which side brings the greater number of witnesses or presents the greater quantity of evidence to prove a disputed point.

The test is which witnesses and which evidence appeals to your minds as being most accurate and trustworthy and which produces in your minds a belief in the likelihood of the truth.

SUPPORTIVE AUTHORITY

Bossian v. United Electric Railways Co., 85 R.I. 184, 128 A.2d 843 (1957).

**SEARS 14. EQUAL TREATMENT OF CORPORATIONS/OTHER ENTITIES.**

A corporation is entitled to the same fair trial at your hands as a private individual. All parties, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

**SEARS 15. BURDEN ON PLAINTIFF**

In this case, like most, the law places the burden of proof on the plaintiff. All this means is that the law imposes upon the plaintiff the obligation or responsibility of proving her claim. The law requires that one who advances a proposition has the burden of sustaining its validity. Because the plaintiff is advancing the proposition that the defendant should be held responsible for some harm it caused to the plaintiff, it is the plaintiff who has the responsibility of producing evidence which leads you to believe that what the plaintiff claims is more likely true than not. The defendant, on the other hand, has no obligation to produce evidence concerning the plaintiff's claim. The defendant does not have to disprove what the plaintiff claims is true. The burden is on the plaintiff to prove each of the elements of her claim to you.

SUPPORTIVE AUTHORITY

DiLibero v. Swenson, 593 A.2d 42 (R.I. 1991); Paramount Office Supply Co. Inc. v. D.A. MacIsaac, Inc., 524 A.2d 1099 (R.I. 1987); Barbieri v. E.M. Young Co., 82 R.I. 382, 110 A.2d 263 (1954).

**SEARS 16. PREPONDERANCE OF THE EVIDENCE**

In addition to imposing the burden of proof on a plaintiff, the law also requires that the proof and support of any given claim reach a certain level or standard. In this case the level of proof required is proof by a preponderance of the evidence. To prove something by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered with that opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. Where the evidence adduced either for or against a given proposition outweighs opposing evidence, that evidence is said to preponderate. So, proof by the preponderance of the evidence means proof by the greater weight of the evidence. In other words, a claim must be proved by evidence that weighs more persuasively in the minds of jurors. In proving her claim, the plaintiff must prove each and every element of that claim by a preponderance of the evidence.

## SEARS 17. CONSIDER ALL THE EVIDENCE

I must caution you, though, that in determining whether the plaintiff has met the burden of proof imposed upon her by law, you should consider all of the evidence and not just the evidence which the plaintiff has produced. The jury's obligation is to decide the facts of the case based on its consideration of all of the evidence regardless of which party presented any given item of evidence during the trial.

**SEARS 18. WEIGHT OF EVIDENCE**

If, as a result of your deliberations, you find that the evidence on the issue of liability weighs more on the side of the plaintiff then the plaintiff has sustained the burden of proving the case by a preponderance of the evidence and your verdict must be for the plaintiff. However, if you find that the evidence on the issue of liability weighs more on the side of the defendant then your verdict must be for the defendant. If you find that the evidence is so equally matched or equally balanced that you cannot say whether it weighs in favor of the plaintiff or the defendant, then the plaintiff has failed to meet the burden and standards of proof imposed upon her by law and your verdict must be for the defendant.

## SEARS 19. MERE HAPPENING OF AN ACCIDENT

When considering the question of negligence you should remember that the mere fact an event occurs does not necessarily mean that someone has been negligent. Sometimes accidents will happen even where no one has breached a duty of care to another person. Sometimes injuries or events occur which are not the proximate result of any negligent act or failure to act.

SUPPORTIVE AUTHORITY

Kennedy v. Tempest, 594 A.2d 385 (R.I. 1991); Salk v. Alpine Ski Shop, Inc., 115 R.I. 309, 342 A.2d 622 (1975).

**SEARS 20. DUTY OF CARE**

The law of negligence is founded on the concept that under certain circumstances we each owe a duty of care to the other to act with care for the other's safety. In other words, our surrounding circumstances may require us to act with care toward others so that we don't jeopardize their safety. This duty is called a duty of care. Negligence is some conduct which breaches the duty of care owed by one person to another because of the circumstances.

In this case, the defendant(s) owed a duty of care to the plaintiff(s). That duty was to refrain from acting negligently with respect to the plaintiff's safety. More specifically, Sears owed a duty to warn and inspect if it had a reason to know about any dangerous propensities of the product. Sears also owed a duty to reasonably train and supervise its employees to the extent as required by the job to which the employee was assigned.

**SEARS 21. NEGLIGENCE EXPLAINED**

Generally, negligence is the failure of one person, acting in a given set of circumstances, to exercise that degree of care for the safety of another person that a reasonably prudent person would ordinarily exercise in the same or similar circumstances.

Negligence may result from *not doing* something that a reasonably prudent person *would do* or it may result from *doing* something that a reasonably prudent person *would not do* under the same or similar circumstances.

In other words, when a person either by acting or not acting in a given set of circumstances, fails to exercise the degree of care for the safety of another person that a reasonably prudent person would have used under the same or similar circumstances, you have negligence. When we say that a person was acting with due and reasonable care, we mean that this person was not negligent.

SUPPORTIVE AUTHORITY

Montuori v. Narragansett Electric Co., 418 A.2d 5 (1980).

## SEARS 22. STANDARD OF CARE

Negligence involves a lack of reasonable care that ordinarily should be exercised under the same or similar circumstances. We often call it ordinary care. Ordinary care is the care that a reasonably careful person would use under the circumstances that you find existed in this case.

Ordinary care is not an absolute term. It is a relative term. The degree of care required may vary with the circumstances. You see, the greater the risk of harm posed by the circumstances, the higher degree of care necessary to constitute ordinary care. So, in deciding whether ordinary care was exercised by a person in a given situation, that person's conduct must be viewed in light of all the circumstances as shown by the evidence. As the apparent risk of harm or injury increases, so too, must the degree of care to be exercised in order to constitute ordinary care.

The law does not say what a reasonably careful person would ordinarily do or would not do under the circumstances as shown by the evidence in this case. This is for you, the jury, to decide.

SUPPORTIVE AUTHORITY

Hueston v. Narragansett Tennis Club, Inc., 502 A.2d 827 (R.I. 1986).

**SEARS 23. PROXIMATE CAUSE**

Negligence and the legal term "proximate cause" work together. We refer to "proximate cause" as a necessary element of negligence. The concept is that even if a person has been negligent that person will not be held responsible or liable unless that negligent conduct caused actual harm to someone else. If a person is negligent but that negligence is not a substantial or moving cause of some harm, then the person should not be held responsible for his or her negligence. Only where a person's negligence causes harm do we hold the person responsible for that harm. There must be a link or connection between the negligence and the harm in order to hold a person responsible.

The question is to what extent did the negligent conduct cause the event? The law requires that the connection or link between the negligent conduct and the resulting harm be *legally* sufficient, that is, something more than insubstantial or insignificant.

Proximate cause means a cause that in a natural, continuous and unbroken sequence produces an event or injury and without which the event or injury would not have occurred. The proximate cause of an event or injury is a substantial, primary or moving cause without which the event or injury would not have happened. Causes that are merely incidental are not proximate causes. Unless the defendant(s)' negligence is a proximate cause of some harm caused to the plaintiff(s) then the defendant(s) cannot be held responsible to the plaintiff(s) for negligence.

A cause that is a proximate cause may be the sole or only cause of an event or injury. Or, it may be one of two or more or even several causes of an event or injury some of which are a proximate cause and some of which are not. A cause is a proximate cause even if it comes together with or unites with some other cause and produces the event or injury. The test is whether the particular cause at issue is a substantial cause or whether it is merely incidental.

If you find the defendant(s) was negligent you must then consider whether the negligence was a proximate cause of the plaintiff's injuries.

SUPPORTIVE AUTHORITY

Wells v. Uvex Winter Optical, Inc., 635 A.2d 1188 (R.I. 1994); Ouellette v. Carde, 612 A.2d 687 (1992); Hueston v. Narragansett Tennis Club Inc., 502 A.2d 827 (R.I. 1986); Schenck v. Roger Williams General Hospital, 119 R.I. 510, 382 A.2d 514 (1978); Restatement (Second) of Torts, § 433 (1965).

**SEARS 24. COMPARATIVE NEGLIGENCE**

Now, let me return again to negligence. I'd like to talk to you for a few moments about a concept known as comparative negligence.

In explaining the law of negligence to you, I told you that the defendant owed a duty of care to the plaintiff. In this case, the plaintiff had a duty as well. In connection with this occurrence, the plaintiff had a duty to use ordinary care for her own safety. More specifically, the plaintiff had a duty to use reasonable care when using the television and stand. A breach of that duty is negligence.

In this case, the defendant contends that the plaintiff was negligent and that the plaintiff's negligence was a cause of the accident. Therefore, you must determine whether plaintiff met the duty I have described or whether plaintiff breached that duty. In other words, this case requires that you determine whether or not plaintiff was also negligent. You must determine whether the plaintiff exercised that degree of care for her own safety that a reasonably prudent person would exercise under the same or similar circumstances and whether the plaintiff's negligence was a proximate cause of the accident.

In determining whether or not the plaintiff was negligent, you must keep in mind that all of my instructions concerning the elements of negligence and burden and standard of proof apply to the question of plaintiff's negligence as well as to the question of defendant's negligence. In other words, here the defendant bears the burden of proving each of the elements of negligence by a preponderance of the evidence.

Now, the law is that the plaintiff's negligence does not necessarily operate to bar or to stop her from recovering damages against the defendant. Plaintiff's negligence, however, will operate to reduce her damages by the percentage that her own negligence contributed as a proximate cause to her own injury. In this way we compare the negligence of both parties and allocate responsibility for the accident between them.

In considering the comparative negligence of the plaintiff and the defendant, you must consider not only whether each was negligent, but also the extent to which the negligence of each contributed as a proximate cause of the accident. If you find that the plaintiff *was not* negligent or that the plaintiff's negligence *was not* a proximate cause of the accident, then your verdict must be for the plaintiff. On the other hand, if you find that the plaintiff *was* negligent and that plaintiff's negligence *was* a proximate cause of the accident, then your verdict must be for the defendant on the question of the plaintiff's negligence as well as for the plaintiff on the question of the defendant's negligence. If you find plaintiff was negligent, the plaintiff's and the defendant's negligence must be compared against each other.

In this way you will allocate comparative fault or comparative responsibility for plaintiff's injuries.

SUPPORTIVE AUTHORITY

R.I.G.L. §9-20-4 (1997 Reenactment); see generally, Comparative Negligence Law and Practice, 3 Matthew Bender, §18-19, (1984).

## SEARS 25. DUTY TO WARN

A manufacturer or seller of a product has a duty to warn if it knew or should have known about a product's dangerous propensities that might cause an injury to a plaintiff when using the product in a way intended by the manufacturer or seller.

However, a manufacturer or seller has no duty to warn of dangers that are open and obvious to a user and/or consumer of a product.

SUPPORTIVE AUTHORITY

Castrignano v. E.R. Squibb & Sons, Inc., 546 A.2d 775, 779 (R.I. 1988); Jackson v. Corning Glass Works, 538 A.2d 666 (R.I. 1988); Thomas v. Amway Corp., 488 A.2d 716 (R.I. 1985); Ritter v. Narragansett Electric Co., 109 R.I. 176, 283 A.2d 255 (1971); Restatement (Second) of Torts, § 402A (1965).

**SEARS 26. DUTY TO INSPECT**

A seller of goods manufactured by another has a duty to warn purchasers of dangerous defects in the product if the seller knows or has reason to know that the product poses a danger to a user or consumer of the product. Incident to this duty to warn is a duty to acquire knowledge about the product through reasonably adequate inspections and tests. A retailer has no duty to test or inspect a product unless it knows or has reason to know of a product defect. In order for plaintiff to prove negligent inspection and testing, the plaintiff has the burden of establishing the standard of care with respect to inspection and testing of the product and must prove that the defendant deviated from the standard of care and that the deviation from the standard of care was the proximate cause of plaintiff's injury.

SUPPORTIVE AUTHORITY

Scittarelli v. Providence Gas Co., 415 A.2d 1040 (R.I. 1980); Ritter v. Narragansett Electric Co., 109 R.I. 176, 182, 283 A.2d 255, 258-59 (1971).

## SEARS 27. GENERAL EMPLOYER LIABILITY

An employer conducting an activity through an employee is subject to liability for harm resulting from their conduct if the employee is negligent or reckless in the employment of improper persons or instrumentalities in work involving risk of harm to others. An employer is not liable simply because its employees are incompetent or careless. Liability turns on whether the employer has taken reasonable care in selecting, training and retaining an employee.

SUPPORTIVE AUTHORITY

Focus Investment Associates, Inc. v. American Title Insurance Co., 797 F.Supp. 109, 114-15 (D.R.I. 1992); Welsh Mfg. v. Pinkerton's Inc., 474 A.2d 436, 440 (R.I. 1984).

**SEARS 28. DUTY TO TRAIN**

An employer has the duty to exercise due and reasonable care in the preparation and assignment of its employees. The greater the risk of harm the higher the degree of care necessary.

SUPPORTIVE AUTHORITY

Welsh Mfg. v. Pinkerton's Inc., 474 A.2d 436, 440 (R.I. 1984).

**SEARS 29. STRICT LIABILITY**

Plaintiff has brought a claim for product liability. Plaintiff contends that the defendant should be held strictly liable for the harm caused by the defendant's product. In order for there to be a recovery on the theory of strict liability, the plaintiff must prove that:

a) the defendant was engaged in the business of manufacturing, selling or leasing the product at issue;

b) the defendant manufactured, sold or leased the product, which was in a defective condition and was unreasonably dangerous to a user or consumer;

c) the product was expected to and did reach the plaintiff user/consumer without substantial change from the time it was manufactured;

d) the plaintiff user/consumer was using the product in a way that it was intended to be used; and

e) the defective condition of the product proximately caused plaintiff's injuries.

SUPPORTIVE AUTHORITY

Castrignano v. E.R. Squibb & Sons, Inc., 546 A.2d 775, 781 (R.I. 1988); Peters v. Jim Walter Door Sales of Tampa, Inc., 525 A.2d 46 (R.I. 1987); Thomas v. Amway Corp., 488 A.2d 716, 721-22 (R.I. 1985); Ritter v. Narragansett Electric Co., 109 R.I. 176, 283 A.2d 255 (1971);

**SEARS 30. DEFINITIONS - STRICT LIABILITY - UNREASONABLY DANGEROUS**

The term "unreasonably dangerous" means that a defect in the product presented a strong likelihood of injury to a consumer who is unaware of the danger in utilizing the product in a normal manner.

SUPPORTIVE AUTHORITY

Raimbault v. Takeuchi Manufacturing (U.S.), Ltd., 772 A.2d 1056. 1063 (R.I. 2001); Ritter v. Narragansett Electric Co., 109 R.I. 176, 191, 283 A.2d 255, 263 (1971).

**SEARS 31. DEFINITIONS - STRICT LIABILITY - Defect**

The term "defect" means a feature or condition of the product which makes the product unsafe for its intended use.

SUPPORTIVE AUTHORITY

Castrignano v. E.R. Squibb & Sons, Inc., 546 A.2d 775, 779 (R.I. 1988).

**SEARS 32. STRICT LIABILITY**

Under a theory of strict liability, a defendant is liable to a plaintiff where that plaintiff has been injured by the defendant's defective and unreasonably dangerous product. It is immaterial whether or not a defendant exercised due care in making that product. The question that you must decide is whether the product was in a defective and unreasonably dangerous condition at the time it left the hands of this defendant, and whether that defective condition caused the injury to the plaintiff.

SUPPORTIVE AUTHORITY

Romano v. Westinghouse Electric Co., 114 R.I. 451 , 336 A.2d 555 (1975); Ritter v. Narragansett Electric Co., 109 R.I. 176, 283 A.2d 255 (1971); Restatement (Second) of Torts § 402A (1965).

**SEARS 33. NEGLIGENT DESIGN**

I have already explained the general concepts of negligence to you. Now I will explain the law of negligence as it relates to consumers and products. In this case, the defendant owed a duty to the plaintiff. The duty that defendant owed to the plaintiff was the duty to exercise reasonable care in the design of its product. Reasonable care is that care, skill and diligence used in the design of a product that a reasonably skillful and diligent person would exercise, or that care that a reasonably prudent person would use under the same or similar circumstances in designing such a product. Even though a defendant is required to exercise ordinary and reasonable care, there is no duty to provide an accident-proof, perfect or foolproof product. A manufacturer can only be held liable if there was a failure to exercise reasonable care in designing the product.

SUPPORTIVE AUTHORITY

Raimbault v. Takeuchi Manufacturing (U.S.), Ltd., 772 A.2d 1056, 1063 (R.I. 2001); Thomas v. Amway Corp., 488 A.2d 716 (R.I. 1985); Ritter v. Narragansett Electric Co., 109 R.I. 176, 283 A.2d 255 (1971).

## SEARS 34. ALTERNATIVE DESIGN

In order to sustain a claim for negligent design the plaintiff must provide evidence through expert testimony that there was available a safe alternative design that could have avoided or reduced the risk.

SUPPORTIVE AUTHORITY

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); Jackson v. Corning Glass Works, 538 A.2d 666, 669 (R.I. 1998); Restatement (3d) Torts §2(b)

**SEARS 35. DUTY TO SUPERVISE**

An employer has the duty to exercise due and reasonable care in the oversight of its employees. The greater the risk of harm the higher the degree of care necessary.

SUPPORTIVE AUTHORITY

Welsh Mfg. v. Pinkerton's Inc., 474 A.2d 436, 440 (R.I. 1984).

**Sears 36. General Instruction**

If you find that the defendant is liable to the plaintiff for the incident and/or accident that occurred, then you must consider the question of damages. Damages are defined in law as that amount of money that will compensate an injured party for the harm or loss that she has sustained. The rationale behind compensatory damages is to restore a person to the position she was in prior to the harm or the loss. Compensatory damages, then, is the amount of money which will replace, as near as possible, the loss or harm caused to a person.

When you assess damages, you must not be oppressive or unconscionable, and you may assess only such damages as will fairly and reasonably compensate plaintiff insofar as the same may be computed in money. You must confine your deliberations to the evidence, and you must not indulge in guesswork, speculation or conjecture.

SUPPORTIVE AUTHORITY

Albemarle Paper Co. v. Moody, 422 U.S. 405, 95 S.Ct.2362 (1975).

**SEARS 37. MEDICAL EXPENSES**

Plaintiff is entitled to recover the reasonable expense of her medical care, treatment and attendance as an element of damages. In awarding damages for medical care, treatment and attendance you must consider whether the plaintiff has proved two things. First, whether the medical costs claimed by plaintiff were medically reasonable. Second, whether those costs were necessarily incurred in providing care, treatment and medical attendance. In assessing damages, you should consider evidence that establishes that plaintiff's medical treatment was necessary as a result of the incident/accident, and you may consider evidence that establishes the reasonable charge for that treatment.

SUPPORTIVE AUTHORITY

Markham v. Cross Transportation, Inc., 376 A.2d 1359 (R.I. 1977); Oresman v. G.D. Searle & Co., 388 F.Supp. 1175 (D.R.I. 1975); Lebon v. B.L.&M Bottling Co., 114 R.I. 750, 339 A.2d 272 (1975).

**SEARS 38. GENERAL – CONSCIOUS PAIN AND SUFFERING**

The plaintiff is entitled to be compensated for the conscious pain and suffering that she endured as a result of the accident.

I will define pain and suffering for you. Pain means physical pain, the kind resulting from a physical impact or injury. It includes what we ordinarily think of as physical pain as well as discomfort, stiffness, and restriction of bodily motion that is caused by the pain or discomfort brought about by moving. Pain must be conscious pain, that is, something that the plaintiff was aware of. The law does not allow a jury to award damages for pain to a person while that person is unconscious.

Suffering, on the other hand, can be equated with what we sometimes call the mental anguish that arises from physical pain or injury to the body. Suffering means recognizing the pain, the danger resulting from the pain, the knowledge that the pain and treatment for it will continue. If you find that the plaintiff has proven that in addition to physical pain, she has also experienced fright, anguish, nervousness, grief, anxiety, worry, humiliation, embarrassment, shock or terror, the plaintiff is entitled to recover for this mental suffering.

In awarding any damages to the plaintiff for pain and suffering, you must be fair and reasonable. And, it must be grounded in the evidence and not based upon speculation or conjecture. Nor may you arbitrarily pick some amount. Your award for pain and suffering should be based on the evidence that has been presented to show just how much pain and suffering the plaintiff has endured as a result of her injuries.

SUPPORTIVE AUTHORITY

Arlan v. Cervini, 478 A.2d 976 (R.I. 1984); New York Pattern Jury Instruction Supplement §2:280; 5 Am. Jur. Trials §95; Jacob A. Stern, Stern on Personal Injury Damages, §§2.2-2.3 and 2.7-2.8 (1991).

## SEARS 39. CONSIDERATIONS IN AWARDING DAMAGES FOR PAIN AND SUFFERING

The plaintiff is entitled to be compensated for the pain and suffering she endured as a result of the accident. There is no particular formula by which to compute damages for a plaintiff's pain and suffering. There are no objective guidelines by which you can measure the money equivalent of this element of injury; the only real measuring stick, if it can be so described, is your collective and enlightened conscience. You should consider all the evidence bearing on the nature of the injuries, the certainty of future pain and the severity and likely duration thereof.

In determining what amount to award the plaintiff for pain and suffering, you should consider all of the facts and circumstances proved at trial including:

the type of injuries the plaintiff sustained;
the extent and severity of those injuries;
the length of time the plaintiff sought and received medical treatment;
the nature of the medical treatment plaintiff received;
whether the plaintiff's injury was temporary or permanent.

You may also consider the testimony of the plaintiff in describing the nature of her pain, the intensity of the pain and how the pain affected the plaintiff's ability to do everyday activities. You may also consider any other evidence showing any objective manifestations of pain such as the medical records, other exhibits and testimony of the witnesses.

SUPPORTIVE AUTHORITY

Proffitt v. Ricci, 463 A.2d 514 (R.I. 1983); Hayhurst v. LaFlamme, 441 A.2d 544 (R.I. 1982); Bruno v. Caianiello, 121 R.I. 913, 404 A.2d 62 (1979); Worsley v. Corcelli, 119 R.I. 260, 377 A.2d 215 (1977); Jacob A. Stern, Stern on Personal Injury Damage, §§2.2-2.3 and 2.7-2.8 (1991).

## SEARS 40. BODILY INJURY AND IMPAIRMENT

Plaintiff is entitled to be compensated for the bodily injury that she sustained as a proximate result of the accident and for any impairment or disability that resulted from those bodily injuries. How much, if anything, she should be compensated for bodily injury and impairment is for the jury to decide.

This injury to the body is different from the pain and suffering that you may find was caused by the bodily injury. have discussed pain and suffering with you. In determining what amount to award the plaintiff for bodily injury and resulting impairment, there are a number of factors that you should consider including:

the type of physical injuries the plaintiff sustained;

the extent and severity of those injuries;

whether the injuries are permanent or temporary;

the length of time the plaintiff required or will require medical treatment or care;

the nature of the medical treatment or care the plaintiff requires or will require;

the degree to which the physical injury and impairment have affected or interfered with the plaintiff's day-to-day functioning including HER ability to enjoy her life, relationships and ordinary activities; and

the degree to which the physical injury and impairment will affect or interfere with the plaintiff's day-to-day functioning in the future including her ability to enjoy her life, relationships and ordinary activities in the future.

You should consider these factors together with all of the facts and circumstances that you find were proved at trial.

**SEARS 41. Comparative Negligence**

As I mentioned earlier, if you find that both the plaintiff and the defendant were negligent, this case will require that you assess and compare the relative amount of negligence of both of them. We compare the parties' responsibility for negligence in order to determine their relative liability or responsibility for the plaintiff's injuries.

In this way we can allocate responsibility for plaintiff's injuries among the negligent parties. We also compare the parties' negligence so we can reduce plaintiff's money damages by whatever dollar amount is equivalent to the plaintiff's percentage share of responsibility for her own injuries. Remember, as I told you earlier in these instructions, plaintiff's negligence does not prevent her from recovering damages against the defendant(s). It does, however, operate to reduce her damages by the percentage that her negligence contributed as a proximate cause to her injury.

If you reach the point where you have found that the defendant(s) were negligent and that the defendant's negligence was a proximate cause of the plaintiff's injuries and you have determined the amount of the plaintiff's damages, you must then consider the question of plaintiff's own negligence. If you have found that the plaintiff's injuries were not in any respect proximately caused by the plaintiff's own negligence then you must render a verdict for the plaintiff for the total amount of damages which the plaintiff has sustained.

But, if you find that the plaintiff was, indeed, negligent and that plaintiff's own negligence was a proximate cause of her injuries, then you must proceed to reduce the award of total damages to the plaintiff in an amount proportionate to the contribution plaintiff's negligence made to plaintiff's own injuries.

In order to do this, you must first determine the total dollar amount of plaintiff's damages. Next, you must determine what proportion, figured in percentage, plaintiff's own negligence was a proximate cause of those damages. Then, apply that percentage to the total amount of the damages. This will give you the dollar value for the plaintiff's share of negligence. Then, subtract that dollar amount from the total dollar amount of plaintiff's damages. The result will be the plaintiff's total damages less the share attributable to plaintiff's negligence.

Let me give you some examples. In a recent case the jury found that the plaintiff had suffered total damages of $10,000. The jury also found that the plaintiff was negligent and was 40% responsible for her own injuries. The jury therefore returned a verdict for $6,000. It arrived at that figure by subtracting 40% of $10,000 ($4,000) from the total damages of $10,000.

SUPPORTIVE AUTHORITY

R.I.G.L. §9-20-4 (1997 REENACTMENT).

SEARS ROEBUCK AND CO.
By its Attorneys,
HIGGINS CAVANAGH & COONEY, LLP

/s/ Stephen B. Lang, Esq.
Stephen B. Lang (#0145)
123 Dyer Street
Providence, RI 02903
Tel: 401-272-3500
Fax: 401-273-8780
slang@hcc-law.com

**CERTIFICATION**

I Stephen B. Lang, certify that on the 12th day of February, 2007, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island.

Plaintiff's Counsel
James. P. Dussault, Esq.
Dussault & Zatir, PC
1015 Kampton Street
New Bedford, MA 02740

Counsel for Sony
Gerald C. DeMaria, Esq.
Higgins Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Attorney for Techcraft
Dennis E. Carley, Esq.
Roberts, Carroll, Feldstein & Peirce Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903

/s/ Stephen B. Lang, Esq.