UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MURIEL VAN DUSEN<br>Plaintiff,<br><br>VS.<br><br>SEARS ROEBUCK AND CO.,<br>TECHCRAFT MANUFACTURING,<br>AND SONY ELECTRONICS, INC.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO. 06-182 ML |

**DEFENDANT, SONY ELECTRONICS, INC.'S PRETRIAL MEMORANDUM**

**1(b) Sony Electronics, Inc.'s Defenses to be Proven At Trial**

Through the testimony of witnesses as well as cross-examination of witnesses presented by others, Sony Electronics, Inc. (hereinafter "Sony") expects to prove the following:

- Sony had no reason to know about the product's alleged dangerous propensities and therefore did not have a duty to warn the plaintiff.
- Sony did not deviate from the standard of care in the industry with respect to any duty to warn.
- The plaintiff's injuries were not causally related to any alleged breach of any alleged duty by Sony.

At the request of the court the list of witnesses has been hand delivered and filed separately.

**2. Memorandum of Law**

The facts of this case begin on May 26, 2003 when the plaintiff's son-in-law, Roland Desrochers, purchased a Sony television and a Techcraft television stand at Sears.

The 36" television weighs 230 pounds. The stand was designed to hold a 36" television and a maximum of 240 pounds. Mr. Desrochers brought the stand to Ms. Van Dusen's home that day and likely assembled it as well. The television was then delivered to Ms. Van Dusen's home on June 4, 2003. On September 9, 2003 the television fell from the stand after Ms. Van Dusen attempted to swivel the stand; Ms. Van Dusen injured her right leg.

Ms. Van Dusen has brought a negligence claim against Sony alleging it breached the duty to warn her that the television and stand were incompatible and unsafe. "In negligence, the defendant only has a duty to warn if he had a reason to know about the product's dangerous propensities which caused the plaintiff's injuries." Raimbeault v. Takeuchi Mfg (U.S.), 772 A.2d 1056, 1063 (R.I. 2001). "The phrase 'reason to know' means that the defendant…had information from which a person of reasonable intelligence …would infer that the [product] would be dangerous to a user." Ritter v. The Narragansett Electric Co., 283 A.2d 255, 259 (R.I. 1971).

"In order to recover against a defendant in a products-liability action, the plaintiff must first prove the existence of a defect in the design or manufacture of the product that makes it unsafe for its intended use." Peters v. Jim Walter Door Sales of Tampa, Inc., 525 A.2d 46, 49 (R.I. 1987). "Reasonable inferences relating to the defect may be drawn from the evidence in situations in which direct proof is not available." Id. However, those inferences may not rely on "mere conjecture or speculation to establish the existence of a defect." Id.

In Peters the plaintiffs alleged that a garage door was defective, however the plaintiffs' experts did not examine the door, nor did the plaintiffs submit any evidence

that would establish the door had a defect when it left the manufacturers hands. Id. "Without proof of this most basic element of products liability" the court affirmed the directed verdict in favor of the defendants. Id.

"Expert testimony is required to establish any matter that is not obvious to a lay person and thus lies beyond common knowledge." Olshansky v. Rehrig International, 872 A.2d 282, 289 (R.I. 2005). In Olshansky, the plaintiff claimed that a shopping cart fell apart while he was pushing it. Id. However, the plaintiff did not supply any evidence to support his contention; he did not depose any of the defendants' employees nor obtain documents relating the shopping cart, nor hire an expert. Id. at 289. Instead he relied only on his own deposition testimony and answers to interrogatories. Id. The Court recognized that there were "endless possibilities" about what caused the cart to come apart and therefore upheld the finding of summary judgment in favor of the defendant. Id.

Similarly, in Scittarelli the plaintiff did not put forth "by evidence of either customary practices in the industry or past practices of the defendant, an actual standard of care by which the defendant should have abided", nor did the plaintiff, through expert testimony hypothesize an "industry wide standard of care." 415 A.2d at 1043. Consequently, the Court held the record was devoid of any evidence that the general standard was breached and affirmed judgment in favor of the defendant. Id. at 1044.

Here the plaintiff has alleged that Sony failed to warn "of using products that were known or should have been known to be incompatible and unsafe in order to prevent injury." See Complaint ¶ 34. The plaintiff has not disclosed any experts who

will testify concerning warnings and design issues. Without any such evidence the plaintiff cannot demonstrate a *prima facie case* on any theory against Sony.

**3. List of Exhibits**

At the request of the court the list of exhibits has been hand delivered and filed separately.

**4. Proposed Jury Instructions**

The proposed jury instructions have been attached as a separate document to this filing.

**5. Probable Length of Trial**

Sony expects the length of this jury trial to be 3 days.

**6. Additional Matters**

At this time the Plaintiff has not filed any expert disclosures or otherwise identified any experts to be used at trial. The Defendant will move to dismiss this matter if plaintiff does not produce any expert witnesses on the issue of the duty of Sony to warn the plaintiff of any alleged dangerous propensity of the television.

Plaintiff has also alleged in answers to interrogatories that the stand was "slippery" and the television was "top heavy" and defendants should have provided a material on top of the stand to "grip the television." Such an allegation constitutes a design defect claim which is not contained in the complaint; plaintiff therefore should not be allowed to make such allegations during the course of the trial.

In addition, such an allegation requires the testimony of an expert as well as safe alternative design theories, and testimony regarding the causal link between the design defect and the injury, none of which have been provided by the plaintiff. See Buonanno

v. Colmar Belting Co., 733 A.2d 712, 717 (R.I. 1999). Defendant will move to strike any testimony relating to an allegation of a design defect.[1]

SONY ELECTRONICS, INC.
By its Attorneys,
HIGGINS CAVANAGH & COONEY, LLP

/s/ Gerald C. DeMaria.
Gerald C. DeMaria (#0637)
123 Dyer Street
Providence, RI 02903
Tel: 401-272-3500
Fax: 401-273-8780
gdemaria@hcc-law.com

**CERTIFICATION**

I Gerald C. DeMaria, certify that on the 12th day of February, 2007, a true copy of the within was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island.

Plaintiff's Counsel
James. P. Dussault, Esq.
Dussault & Zatir, PC
1015 Kampton Street
New Bedford, MA 02740

Counsel for Sears
Stephen B. Lang, Esq.
Higgins Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903

Attorney for Techcraft
Dennis E. Carley, Esq.
Roberts, Carroll, Feldstein & Peirce Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903

/s/ Gerald C. DeMaria.

[1] Sony has previously filed a motion to exclude this testimony.