**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MURIEL VAN DUSEN**<br>**Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **C.A. NO. 06-182 ML** |
| | ) | |
| **SEARS ROEBUCK AND CO.,**<br>**TECHCRAFT MANUFACTURING,**<br>**AND SONY ELECTRONICS INC.**<br>**Defendants** | ) | |

**DEFENDANT, SONY ELECTRONICS INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE AND MOTION TO EXCLUDE EXPERT TESTIMONY**

Defendant, Sony Electronics Inc., (hereinafter "Sony"), hereby submits the within memorandum of law in support of its motion to strike plaintiff's supplemental pretrial memorandum, filed with the Court on February 14, 2007, designating an expert witness and for an Order excluding said expert witness from testifying. Plaintiff certified a supplemental answer to interrogatories propounded by Sears on February 13, 20007; however, she failed to provide co-defendants Sony and Techcraft Manufacturing (hereinafter "Techcraft") with a copy of said answer.[1] (See Exhibit A). Sony moves for an order striking plaintiff's pretrial memorandum and precluding John M. Orlowski from testifying as an expert since the timing of plaintiff's designation fails to comply with this Court's pretrial order and the Federal Rules of Civil Procedure (hereinafter "F.R.Civ.P"

---

[1] On February 14, 2007, Plaintiff also served supplemental answers to interrogatories propounded by Sony and Techcraft, respectively; plaintiff failed to certify each of these supplemental response to each of the named defendants.

or the "Rules"). Additionally, this late filing places Sony at a significant disadvantage in light of the Court's recent placement of this matter on the April trial calendar.

## Facts

The pretrial order relative to this matter was signed by Judge Lisi on July 13, 2006. In accordance with the pretrial order, plaintiff was required to disclose its expert witnesses, as required by F.R.Civ.P. 26(a)(2), by November 1, 2006. Plaintiff failed to identify any expert witnesses within the timeframe provided for in the pretrial order; however, on February 13, 2007 plaintiff certified, solely to counsel-of-record for Sears, a supplemental answer in which she identified John M. Orlowski as an expert witness. Thereafter, plaintiff certified to Sony and Techcraft similar supplemental answers to their respective expert interrogatories. Mr. Orlowski's opinion includes a conclusion that Sony's product, used in conjunction with a Techcraft television stand, created an unreasonably dangerous condition; however, the only allegation plead against Sony is for a failure to warn. While Mr. Orlowski's report fails to indicate the date he was retained by plaintiff, his inspection of the Sony television and the Techcraft television stand was conducted on December 15, 2006 and his report relative to the inspection was prepared on December 28, 2006.

At this time a settlement conference is scheduled with the Court for March 27, 2007 and the matter is set on the April 3, 2007 trial calendar. According to the trial calendar schedule, Sony must provide designation of deposition testimony and motions in limine by March 20, 2007, objections to motions in limine, an agreed upon exhibit list and objections to the designated deposition testimony by March 27, 2007.

Plaintiff's lack of compliance with the pretrial order has left Sony with an inadequate amount of time within which to depose Mr. Orlowski or to retain its own expert, in response to said testimony, prior to any of the scheduled dates. Sony simply cannot depose Mr. Orlowski, retain its own expert, have a report prepared and served upon counsel of record, and prepare motions in limine and deposition designation by March 20, 2007, a mere 15 days from today. Nor can Sony adequately prepare to defend its position at the settlement conference scheduled 7 days later, March 27, 2007.

Plaintiff's disregard for the Court's pretrial order has left Sony at a severe disadvantage such that it cannot adequately prepare to defend the case on its merits at the settlement conference nor at the trial as currently scheduled.

**Argument**

The First Circuit Court reaffirmed that "courts cannot function if litigants may, with impunity, disobey lawful orders." Vigilant Ins. v. East Greenwich Oil Co., Inc., 234 F.R.D. 20, 22 (D.R.I. 2006) (citing HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988)). According to Fed.R.Civ.P. 16, once a pretrial order is entered, the "order shall control the subsequent course of the action unless modified by a subsequent order." See Fed.R.Civ.P. 16(e). The pretrial order in this case has not been modified, therefore plaintiff should be cognizant of the fact that, "it is settled law that a party flouts a court order at his peril." Vigilant Ins., 234 F.R.D. at 22 (D.R.I. 2006) (citing Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005)). In Thibeault v. Square D. Co., 960 F. 2d 239 (1st Cir. 1992), the First Circuit discussed the importance of pretrial expert disclosure which is provided for in the Rules. The Court noted that "this sort of disclosure is consonant with the federal courts' desire to 'make a

trial less a game of blindman's buff [sic] and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'" Id. at 244 (citing United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958)). Plaintiff's untimely disclosure is in contravention of the level of fairness sought by the federal courts through both its observance of the Rules and its use of case management orders.

Federal Rule of Civil Procedure 26 provides that expert disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial, in the absence of other directions from the court or stipulation by the parties. See Fed.R.Civ.P. 26(a)(2)(C) (emphasis added). Clearly Plaintiff has not filed the expert disclosures 90 days before trial, the report was delivered to Sony and other defendants 48 days before the scheduled trial date. Even so reference to the 90 day timeframe allowed by Fed. R. Civ. P. 26(a)(2)(C) is inapplicable in this instance because the pretrial order has expressly directed the time and sequence within which such disclosures must be made. Furthermore, plaintiff cannot argue that her supplemental answer was in accordance with the requirements of Rule 26(e), because plaintiff never identified an expert in accordance with the pretrial disclosure deadline; therefore, plaintiff did not have an expert disclosure to further supplement in accordance with Rule 26. See Williams v. Monarch Machine Tools Co., Inc., 26 F.3d 228, 229 (1st Cir. 1994) (citing Fusco v. General Motors Corp., 11 F.3d 259, 265-66 (1st Cir. 1993).

In Thibeault, supra, the First Circuit reaffirmed its position that trial judges have inherent discretionary authority to exclude expert evidence where Rule 26 interrogatories have been employed and where the court finds that the supplementation was not seasonable, even though the late-named expert was disclosed as soon as he was retained.

Thibeault, 960 F.2d at 245 (emphasis added). Even if plaintiff disclosed Mr. Orlowski immediately after his retention, which clearly is not the case as this expert was disclosed six weeks after the drafting of his report, plaintiff's untimely disclosure remains unseasonable and in clear violation of the terms of the pretrial order. The First Circuit Court further provided in dicta that "the last-minute appearance of new expert witnesses, or substantial expansion of previously disclosed expert testimony, has become a troublesome feature of civil litigation." Id. at 230. Therefore, plaintiff's violation of the pretrial order and unseasonable attempt to disclose her expert is inconsistent with this Court's focus of strict adherence to case management orders and discovery guidelines.

The pretrial order in this action was signed by Judge Lisi on July 13, 2006, and expressly provided that plaintiff's expert witness disclosures shall be made by November 1, 2006. The pretrial order further provided that "failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence." (See Exhibit A, Pretrial Order). Plaintiff failed to provide any such disclosures by November 1, 2006, and thus Sony had not retained an expert by its mandated disclosure date of December 1, 2006. Rather, in contravention of the pretrial order, plaintiff chose to serve co-defendant Sears with a supplemental answer to its expert interrogatories on February 13, 2007. Plaintiff's identification untimely and in clear violation of the pretrial order, resulting in Sony having been drastically disadvantaged in the preparation of its defense to Mr. Orlowski's testimony.

Mr. Orlowski report explicitly renders an opinion relative to Sony's product, concluding that

> (1) the 36-inch Sony television set resting on the Techcraft TV stand created an unreasonably dangerous condition in that minimal forces only would cause the television set to slide;
>
> (2) the 36-inch Sony television set resting on the Techcraft TV stand created an unreasonably dangerous condition in that the Techcraft TV stand was inadequately sized to safely accommodate the television set;
>
> (3) the configuration of the 36-inch Sony television set created an unreasonably dangerous condition in that the configuration reduced the set's stability and increased its propensity to tip over;
>
> (4) the sudden stop of the rotating TV stand exacerbated the unreasonably dangerous condition of the stand resulting from its slippery surface and inadequate size; and
>
> (5) the unreasonably dangerous condition of the 36-inch Sony television set and the Techcraft TV stand, as described in this report and outlined above, was the primary proximate cause of Muriel Van Dusen's accident and consequent injuries. (See Exhibit B, John M. Orlowski's Report).

Therefore, approximately one month prior to the settlement conference scheduled for March 27, 2007, and trial scheduled for April 3, 2007, Sony is faced with the obstacle of deposing plaintiff's newly identified expert and securing its own expert in order to rebut Mr. Orlowski's testimony. Mr. Orlowski's report incorporates the above-cited opinion regarding the unreasonably dangerous nature of Sony's product, an allegation which was not provided for in plaintiff's complaint. Sony has previously filed a motion to exclude evidence relating to a design defect claim alleged by plaintiff. (See Exhibit C). Plaintiff's only claim properly alleged against Sony is for a failure to warn. Plaintiff cannot amend her complaint through supplemental answers to interrogatories.

Circumventing the pretrial order and the Rules by failing to unveil an expert in a timely fashion potentially deprives Sony of the opportunity to "depose the proposed expert, challenge his credentials, solicit expert opinions of its own, or conduct expert-related discovery." Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004)(quoting

Thibeault, 960 F. 2d at 244). Sony is unfairly prejudiced by the late disclosure of plaintiff's expert, and therefore seeks an order from this Court striking plaintiff's supplemental pretrial memorandum and excluding Mr. Orlowski's testimony.

"When noncompliance occurs, the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Vigilant Ins., 234 F.R.D. at 25 (citing Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). "Many courts—this court included—have recognized that the introduction of new expert testimony on the eve of trial can be seriously prejudicial to the opposing party." Vigilant Ins., 234 F.R.D. at 24 (quoting Thibeault, 960 F.2d at 246-47). In Primus v. United States, 389 F.3d 231 (1st Cir. 2004) the First Circuit stated that "the adoption of Rule 37(c)(1) in 1993 'gave teeth to a significantly broadened duty' to comply with case management orders, Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 19 (1st Cir. 2001), and 'mandatory preclusion [is] the required sanction in the ordinary case.'"[2] Rule 37 enumerates sanctions which the Court may impose for a party's failure to comply with discovery guidelines in accordance with the Rules and/or a court order. Unless the party who failed to make the required disclosure pursuant to Rule 26 had "substantial justification" or the failure to disclose was "harmless," the undisclosed witness or information cannot be used as evidence "at a trial, at a hearing, or on a motion." Vigilant Ins., 234 F.R.D. at 24.

[2] According to Fed.R.Civ.P. 37(c)(1), "[A] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure." (Emphasis added.)

Plaintiff clearly violated the pretrial order of this Court and shall be subject to the same sanctions which would be applied for a Rule 26 violation. Since the adoption of Rule 37(c)(1), the Court "clearly contemplates stricter adherence to discovery requirements, and harsher sanction for breaches of this rule." Poulis-Minott, 388 F.3d at 358 (citing Klonoski, M.D. v. Mahlab, M.D., 156 F.3d 255, 269 (1st Cir. 1998)). "The required sanction in the ordinary case is mandatory preclusion." Id. Preclusion of Mr. Orlowski's testimony is entirely appropriate in this action because plaintiff's untimely disclosure clearly violates the terms of this Court's pretrial order and allowing his testimony will prejudice Sony's defense of this action.

## Conclusion

For the foregoing reasons, Sony respectfully requests that this Honorable Court strike plaintiff's supplemental pretrial memorandum and enter an Order precluding Mr. Orlowski's testimony relative to this matter.

Defendant,
SONY ELECTRONICS INC.,
By its attorneys,
HIGGINS, CAVANAGH & COONEY, LLP
/s/ Gerald C. DeMaria_____________
Gerald C. DeMaria (#0637)
123 Dyer Street
Providence, RI 02903-3987
Telephone: 401-272-3500
E-Mail: gdemaria@hcc-law.com

## CERTIFICATION

I hereby certify that a true copy of the within document was filed electronically on this ______ day of February, 2007, and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

James P. Dussault, Esq.
DUSSAULT & ZATIR, P.C.
1015 Kempton Street
New Bedford, Massachusetts 02740
jdussault@dussaultandzatir.com

Dennis E. Carley, Esq.
ROBERTS, CARROLL, FELDSTEIN & PEIRCE
10 Weybosset Street, 8th Floor
Providence, Rhode Island 02903
decarley@rcfp.com

Stephen B. Lang, Esq.
HIGGINS, CAVANAGH & COONEY, LLP
The Hay Building
123 Dyer Street
Providence, Rhode Island 02903-2987
slang@hcc-law.com

___s/ Gerald C. DeMaria__