**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MURIEL VAN DUSEN** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **C.A. NO. 06-182 ML** |
| | ) | |
| **SEARS ROEBUCK AND CO.,** | ) | |
| **TECHCRAFT MANUFACTURING,** | ) | |
| **AND SONY ELECTRONICS INC.** | ) | |
| **Defendants** | ) | |

**DEFENDANT, SEARS ROEBUCK AND CO.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE AND MOTION TO EXCLUDE EXPERT TESTIMONY**

Defendant, Sears Roebuck and Co., (hereinafter "Sears"), hereby submits the within memorandum of law in support of its motion to strike plaintiff's supplemental pretrial memorandum, filed with the Court on February 14, 2007, designating an expert witness and for an Order excluding said expert witness from testifying. Sears moves for an order striking plaintiff's pretrial memorandum and precluding John M. Orlowski from testifying as an expert since the timing of plaintiff's designation fails to comply with this Court's pretrial order and the Federal Rules of Civil Procedure (hereinafter "F.R.Civ.P" or the "Rules"). Additionally, this late filing places Sears at a significant disadvantage in light of the Court's recent placement of this matter on the April trial calendar.

**Facts**

The pretrial order relative to this matter was signed by Judge Lisi on July 13, 2006. In accordance with the pretrial order, plaintiff was required to disclose its expert witnesses, as required by F.R.Civ.P. 26(a)(2), by November 1, 2006. Plaintiff failed to identify any expert witnesses within the timeframe provided for in the pretrial order;

however, on February 13, 2007 plaintiff certified to Sears a supplemental answer in which she identified John M. Orlowski as an expert witness. While Mr. Orlowski's report fails to indicate the date he was retained by plaintiff, his inspection of the Sony television and the Techcraft television stand was conducted on December 15, 2006 and his report relative to the inspection was prepared on December 28, 2006.

Mr. Orlowski's opinion includes a conclusion that Co-Defendant Sony's product, used in conjunction with a television stand, manufactured by Co-Defendant Techcraft, created an unreasonably dangerous condition. At no point in the report does Mr. Orlowski causally relate the plaintiff's injuries to any conduct by Sears. However, Mr. Orlowski does opine that the television set on the TV stand "created an unreasonably dangerous condition in that minimal forces only would cause the television to slide." Sears would need to depose Mr. Orlowski to determine whether with this opinion he is attempting to state that Sears' conduct caused the plaintiff's injuries.

At this time a settlement conference is scheduled with the Court for March 27, 2007 and the matter is set on the April 3, 2007 trial calendar. According to the trial calendar schedule, Sears must provide designation of deposition testimony and motions in limine by March 20, 2007, objections to motions in limine, an agreed upon exhibit list and objections to the designated deposition testimony by March 27, 2007.

Sears simply cannot depose Mr. Orlowski and retain its own expert, if necessary, in time to meet all the court imposed deadlines. Clearly, by disclosing Mr. Orlowski at this 11th hour Plaintiff has severely prejudiced Sears in its preparation for both the settlement conference and the trial.

## Argument

The First Circuit Court reaffirmed that "courts cannot function if litigants may, with impunity, disobey lawful orders." Vigilant Ins. v. East Greenwich Oil Co., Inc., 234 F.R.D. 20, 22 (D.R.I. 2006) (citing HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988)). According to Fed.R.Civ.P. 16, once a pretrial order is entered, the "order shall control the subsequent course of the action unless modified by a subsequent order." See Fed.R.Civ.P. 16(e). The pretrial order in this case has not been modified, therefore plaintiff should be cognizant of the fact that, "it is settled law that a party flouts a court order at his peril." Vigilant Ins., 234 F.R.D. at 22 (D.R.I. 2006) (citing Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005)). In Thibeault v. Square D. Co., 960 F. 2d 239 (1st Cir. 1992), the First Circuit discussed the importance of pretrial expert disclosure which is provided for in the Rules. The Court noted that "this sort of disclosure is consonant with the federal courts' desire to 'make a trial less a game of blindman's buff [sic] and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'" Id. at 244 (citing United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958)). Plaintiff's untimely disclosure is in contravention of the level of fairness sought by the federal courts through both its observance of the Rules and its use of case management orders.

In Thibeault, supra, the First Circuit reaffirmed its position that trial judges have inherent discretionary authority to exclude expert evidence where Rule 26 interrogatories have been employed and where the court finds that the supplementation was not seasonable, even though the late-named expert was disclosed as soon as he was retained. Thibeault, 960 F.2d at 245 (emphasis added). Even if plaintiff disclosed Mr. Orlowski

immediately after his retention, which clearly is not the case as this expert was disclosed six weeks after the drafting of his report, plaintiff's untimely disclosure remains unseasonable and in clear violation of the terms of the pretrial order. The First Circuit Court further provided in dicta that "the last-minute appearance of new expert witnesses, or substantial expansion of previously disclosed expert testimony, has become a troublesome feature of civil litigation." Id. at 230. Therefore, plaintiff's violation of the pretrial order and unseasonable attempt to disclose her expert is inconsistent with this Court's focus of strict adherence to case management orders and discovery guidelines.

Plaintiff failed to provide any such disclosures by November 1, 2006, and thus Sears had not retained an expert by its mandated disclosure date of December 1, 2006. In contravention of the pretrial order, plaintiff chose to serve Sears with a supplemental answer to its expert interrogatories on February 13, 2007. Plaintiff's identification is untimely and in clear violation of the pretrial order, resulting in Sears having been drastically disadvantaged in the preparation of its meritorious defense of this case both at the March 27, 2007 scheduled settlement conference and at trial, currently noticed for April 3, 2007. Sears now, one month prior to the settlement conference, is faced with the obstacle of deposing plaintiff's newly identified expert and securing its own expert in order to rebut Mr. Orlowski's testimony.

Circumventing the pretrial order and the Rules by failing to unveil an expert in a timely fashion potentially deprives Sears of the opportunity to "depose the proposed expert, challenge his credentials, solicit expert opinions of its own, or conduct expert-related discovery." Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004)(quoting Thibeault, 960 F. 2d at 244). Sears is unfairly prejudiced by the late disclosure of

plaintiff's expert, and therefore seeks an order from this Court striking plaintiff's supplemental pretrial memorandum and excluding Mr. Orlowski's testimony.

In Primus v. United States, 389 F.3d 231 (1st Cir. 2004) the First Circuit stated that "the adoption of Rule 37(c)(1) in 1993 'gave teeth to a significantly broadened duty' to comply with case management orders, Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 19 (1st Cir. 2001), and 'mandatory preclusion [is] the required sanction in the ordinary case.'"[1] Rule 37 enumerates sanctions which the Court may impose for a party's failure to comply with discovery guidelines in accordance with the Rules and/or a court order. Unless the party who failed to make the required disclosure pursuant to Rule 26 had "substantial justification" or the failure to disclose was "harmless," the undisclosed witness or information cannot be used as evidence "at a trial, at a hearing, or on a motion." Vigilant Ins., 234 F.R.D. at 24. Plaintiff clearly violated the pretrial order of this Court and shall be subject to the same sanctions which would be applied for a Rule 26 violation. Since the adoption of Rule 37(c)(1), the Court "clearly contemplates stricter adherence to discovery requirements, and harsher sanction for breaches of this rule." Poulis-Minott, 388 F.3d at 358 (citing Klonoski, M.D. v. Mahlab, M.D., 156 F.3d 255, 269 (1st Cir. 1998)). "The required sanction in the ordinary case is mandatory preclusion." Id. Preclusion of Mr. Orlowski's testimony is entirely appropriate in this action because plaintiff's untimely disclosure clearly violates the terms of this Court's

[1] According to Fed.R.Civ.P. 37(c)(1), "[A] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure." (Emphasis added.)

pretrial order and allowing his testimony will prejudice Sears' defense of this action especially in light of the recently filed trial notice for April 3, 2007.

Defendant,
SEARS REOBUCK AND CO.,
By its attorneys,
HIGGINS, CAVANAGH & COONEY, LLP
/s/ Stephen B. Lang
Stephen B. Lang (#0145)
123 Dyer Street
Providence, RI 02903-3987
Telephone: 401-272-3500
E-Mail: slang@hcc-law.com

## CERTIFICATION

I hereby certify that a true copy of the within document was filed electronically on this 5th day of March, 2007, and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island:

James P. Dussault, Esq.
DUSSAULT & ZATIR, P.C.
1015 Kempton Street
New Bedford, Massachusetts 02740
jdussault@dussaultandzatir.com

Dennis E. Carley, Esq.
ROBERTS, CARROLL, FELDSTEIN & PEIRCE
10 Weybosset Street, 8th Floor
Providence, Rhode Island 02903
decarley@rcfp.com

Gerald C. DeMaria, Esq.
HIGGINS, CAVANAGH & COONEY, LLP
The Hay Building
123 Dyer Street
Providence, Rhode Island 02903-2987
gdemaria@hcc-law.com