**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MURIEL VAN DUSEN,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **C.A. NO. 06-182 ML** |
| **SEARS ROEBUCK AND CO.,** | ) | |
| **TECHCRAFT MANUFACTURING,** | ) | |
| **AND SONY ELECTRONICS INC.** | ) | |
| **Defendants** | ) | |

**PLAINTIFF'S OPPOSITION TO THE DEFENDANT, SONY ELECTRONICS INC.'S, MOTION TO STRIKE AND TO EXCLUDE**

Plaintiff, Muriel Van Dusen hereby opposes the defendant, Sony Electronics Inc.'s Motion to Strike and to Exclude the plaintiff's Supplemental Pretrial Memorandum.

The plaintiff, submits her memorandum in opposition to this motion and requests that the defendant, Sony Electronics Inc.'s motion be denied.

Respectfully Submitted,
The Plaintiff, Muriel Van Dusen
By her Attorney,

/s/ James P. Dussault
James P. Dussault, Esq. #3411
Dussault & Zatir, P.C.
1015 Kempton Street
New Bedford, MA 02740
(508) 999-2000

DATED: March 12, 2007

**CERTIFICATION**

I hereby certify that a true copy of the within document was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island.

Counsel for Sears Roebuck and Co.:
Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
slang@hcc-law.com

Counsel for Techcraft Manufacturing:
Dennis E. Carley, Esq.
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903
decarley@rcfp.com

Counsel for Sony Electronics, Inc.:
Gerald C. DeMaria, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
gdemaria@hcc-law.com

/s/ James P. Dussault

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MURIEL VAN DUSEN,** <br> **Plaintiff** <br><br> **vs.** <br><br> **SEARS ROEBUCK AND CO.,** <br> **TECHCRAFT MANUFACTURING,** <br> **AND SONY ELECTRONICS INC.** <br> **Defendants** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **C.A. NO. 06-182 ML** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO THE DEFENDANT, SONY ELECTRONICS INC.'S, MOTION TO STRIKE AND TO EXCLUDE**

Plaintiff, Muriel Van Dusen, hereby opposes the defendant, Sony Electronics Inc.'s Motion to Strike and to Exclude. In support of the opposition the plaintiff states at the time the plaintiff filed her Supplemental Pretrial Memorandum, the disclosure of and expert witness was harmless.

**ARGUMENT**

Preclusion of expert testimony is a grave step, not to be undertaken lightly, **Thibeault** v. Square D Co., 960 F.2d 239, 247 (1st Cir. 1992), Trial judges must work a complicated equation, balancing fairness to the parties with the need to manage crowded dockets." Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003). According to Rule 37(c)(1), "a party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed." Rule 37(c)(1) thus does not require witness preclusion for untimely disclosure if there is a substantial justification or if missing the deadline is harmless. See Newman v. GHS Osteopathic, Inc., Parkview Hosp.

Div., 60 F.3d 153, 156 (3rd Cir. 1995); 8A Wright, Miller & Marcus, Federal Practice and Procedure S 2289.1 (2d ed. 1994) ("The sweep of this exclusion is softened by the proviso that it should not apply if the offending party's failure to disclose was `substantially justified,' and that even if the failure was not substantially justified the exclusion should not apply if the failure was `harmless.'"). A trial judge has broad discretion in deciding whether a Rule 26(a) violation is substantially justified or harmless. See Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996). At the time the plaintiff filed her Supplemental Pretrial Memorandum, no trial notice had been assigned, no pretrial scheduling order had been issued, therefore, it appeared that there would not be any prejudicial effect on the defendant and be harmless.

The rule's report requirement is meant in part to prevent prejudice created by last minute surprises. As a result, "[t]he focus of a preclusion inquiry is mainly upon surprise and prejudice." **Thibeault** v. Square D Co., 960 F.2d 239, 246 (1st Cir. 1992). See also Ortiz- Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 35 (1st Cir. 2001) ("The purpose of a `detailed and complete' expert report as contemplated by Rule 26(a) . . . [is to] prevent an ambush at trial."). Thus, whether a late disclosure is prejudicial depends on whether the expert testimony was unexpected and left the other party without adequate opportunity to prepare for it.

## CONCLUSION

Based upon the foregoing, the plaintiff respectfully requests that the Honorable Court deny the defendant, Sony Electronic Inc.’s Motion to Strike and to Exclude the expert testimony of John M. Orlowski.

Respectfully Submitted,
The Plaintiff, Muriel Van Dusen
By her Attorney,

/s/ James P. Dussault
James P. Dussault, Esq. #3411
Dussault & Zatir, P.C.
1015 Kempton Street
New Bedford, MA 02740

DATED: March 12, 2007

(508) 999-2000

**CERTIFICATION**

I hereby certify that a true copy of the within document was filed electronically and it is available for viewing and downloading from the ECF system. The following counsel of record received notice of the filing of this document electronically from the United States District Court for the District of Rhode Island.

Counsel for Sears Roebuck and Co.:
Stephen B. Lang, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
slang@hcc-law.com

Counsel for Techcraft Manufacturing:
Dennis E. Carley, Esq.
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903
decarley@rcfp.com

Counsel for Sony Electronics, Inc.:
Gerald C. DeMaria, Esq.
Higgins, Cavanagh & Cooney, LLP
123 Dyer Street
Providence, RI 02903
gdemaria@hcc-law.com

/s/ James P. Dussault